## SUCCESSION OF SEGOND.

Evidence taken under a commission cannot be excluded on the ground of its not having taken in conformity with arts. 425, 426, 427, 428 of the Code of Practice. and of the witness' being interested, where the counsel of the opposite party was present at the taking of the deposition, and cross-examined the witness, who, in the course of his cross-examination, swore that he was disinterested.

APPEAL from the Court of Probates of Ascension, *Duffel*, J. *Ilsley*, for the appellants. *D. Seghers*, contrâ.

The judgment of the court was pronounced by

ROST, J. *Léonine Rémy* claims from the succession of *Theodore Segond* $1,500, alleged in her petition to have been placed by her in the hands of the deceased for safe keeping. She also claims legal interest from the opening of

the succession. The answer of the curator is a general denial; and the agent of the tutor of the minor heirs of *Theodore Segond*, who resides in the kingdom of France, has joined in the defence.

This controversy came beforethe late.Supreme Court, (6 Robinson 111,) on the appeal of the curator, and the case was remanded for further evidence of the amount of the claim, on the ground that only one witness swore to the acknowledgment of the debt by *Segond* to *Rémy*, and that the remainining evidence did not disclose circumstances corroborating his testimony, as required by art. 2257 of the Civil Code.

On the second trial, *Rémy*, in addition to all the.evidence .adduced on the first, introduced another witness who deposed that, he occupied a part of an old house in Dauphine street, of which *Rémy* was the owner, and which was in a state of decay; that she applied to the witness to repair .it, and he advised her to build a new one; .she then told him that as soon as.she could see *Mr. Segond*, she would let him know. A few days after, the witness went with her to *Mr. Segond*, who directed him to draw a sketch of the house intended to be built, and to give him the estimate of the cost of the building, When the sketch was finished, he presented it to *Mr. Segond*, in *Rémy's* presence. The value put upon the building was about $2,400. *Mr. Segond* .then observed, in his conversation with *Rémy*, that although he had funds.belonging to her to the amount of two thousand three or four hundred dollars, he could not dispose of of that amount at the time; that he could not give her more than six hundred dollars, because the balance of her money was lent by him on interest, and that .the contract must be made in the following manner: six hundred dollars in two instalments according to the progress of the work, and the balance payable in two years, in her notes to the witness, bearing interest and secured by mortgage. The witness accepted those conditions, and proceeded to build the house. The .two instalments of $300 each, were paid to him by *Mr. Segond*, in the presence of *Rémy*, and he gave a receipt for the same in her name. The last payment took place about fifteen .days before the death of *Segond;* at the time it was made, the witness heard *Segond* say to *Rémy*: "I am going up the coast; on my return I will make a final settlement of all your affairs." A few days after, the witness was .informed of .the death of *Segond*. This witness also states that, when the house was finished, he made with *Rémy* a settlement by notarial act, a copy of which is also introduced in evidence; and that he negociated, without warranty, the note he received in payment, and has therefore no interest in the event of this suit.

The curator excepted to the introduction of the testimony of this witness .on the ground that, the commission under which it was taken was not.executed in conformity with arts. 425, 426, 427, and 428 of the Code of Practice, and also on the ground of interest. The curator was present by his counsel at the taking of the deposition, and cross-examined the witness at great length. In the course of that cross-examination the witness positively swore that, he was disinterested. Under these circumstances, the judge did not err in admitting the evidence.

It is unnecessary to examine the .other bills of exception, as the evidence to which they refer has either no material bearing on the cause, or was directed to be admitted by the late Supreme Court.

We are satisfied that the claim of *Rémy* is now sufficiently proved, and that there is no error in the judgment appealed from.     *Judgment affirmed.*