### The State *v.* William Lougineau.

Bail for the appearance of a person charged with crime, cannot be taken by the sheriff without an order of court therefor.

An order of the judge, fixing the amount of bail, which the clerk had omitted to enter on the minutes, cannot be supplied by parol proof. The order must be in writing.

APPEAL from the District Court of Bienville, *Bullard*, J. *L. P. Crain*, for the State. *Andrew Lawson* and *O. D. Stillman*, for defendant. The judgment of the court was pronounced by

PRESTON, J. The defendant was indicted in the parish of Bienville, for assaulting, with a dangerous weapon, with intent to kill. He surrendered himself to the sheriff, who, with the clerk of the court, took a bond with several sureties, in the sum of one thousand dollars, for his appearance at the next term of the district court, to answer to the charge, and submit to the judgment of the court. He appeared, was tried and convicted, but never appeared to receive the sentence of the court.

The district attorney moved for the forfeiture of his bond and judgment against him and his sureties, under the act of 1837. The sureties opposed the motion on the ground, among other things, that there was no order of court bailing him, or fixing the amount of the bond. The clerk was offered to prove, that the court had made such an order, but that he had omitted to enter it on the minutes. The accused could not be bailed without an order of the judge. It

might have been given in open court, and entered on the minutes, or made and signed at Chambers, or elsewhere within the jurisdiction of the judge. But the order could only be in writing; and parol evidence that it was made, is entirely inadmissible. If made in open court, to be entered on the minutes of the court, it would be most dangerous to alter or supply the record by parol proof, after they were made up, read and approved. The order could be made at Chambers, or elsewhere, by the signature of the judge. Parol evidence of such an order, without suggestion of its loss or destruction, is entirely opposed to the rules of evidence. The bond in controversy was therefore clearly taken by the sheriff and clerk without authority, and is not binding upon the sureties.

The judgment of the district court is affirmed, without costs.