## STATE *v.* GILBERT.

*The party to an appearance bond will not be bound where the requisites of the law have not been observed in taking it.*

APPEAL from the District Court of the parish of Jackson, ——, J.
*Caldwell*, District Attorney, for the State. *McGuire & Ray*, for defendant and appellant.

SPOFFORD, J. The defendants have appealed from a judgment against them upon a forfeited appearance bond.

The Clerk certifies that the record contains all the documents filed, proceedings had, and evidence adduced, in the case.

The defendants opposed the forfeiture of the bond in the Court below, on the special ground that there was no order of Court authorizing the Sheriff to

take the bond, and that it was not taken by the Judge, or by any person duly authorized.

The bond is attested by the Deputy Sheriff, and does not appear to have been taken in open Court.

We find no order of the Court admitting the accused to bail, fixing the amount of the bond to be given, or authorizing any person to take it.

A diminution of the record has not been suggested.

This matter has been the subject of so many adjudications, that it is surprising to find the most palpable requisites of the law neglected by officers who are charged with the duty of securing the appearance of persons accused of crime. *State* v. *Clendennin,* 6 An. 744. *State* v. *Longuineau,* 6 An. 700. *State* v. *Harper,* 3 An. 598. *State* v. *Hays,* 4 An. 59. *State* v. *Jones,* 3 An. 10. *State* v. *Sewall,* 3 An. 575.

It is ordered that the judgment of the District Court be reversed, and that the *State* take nothing by its motion.