## No. 2827.

### RICHARD FRANCIS v. WILLIAM LAVINE et als.

All the objections urged in this case as grounds for dismissing the appeal, except the last, were waived by failing to file the motion within three days after the return day.

As to the last objection referred to—which is that all the parties interested in the judgment have not been made parties to the appeal, it is untenable. There is in the record an order for an appeal granted on motion in open court, and the bond is executed in favor of the clerk. All the parties who have not appealed are appellees.

The defendants, except one, who has not appealed with the rest, pleaded certain exceptions and answered to the merits. The case was submitted to the judge on the merits, without his being previously required to dispose of the exceptions. The rule is that the exceptions are considered as abandoned in such a contingency.

This rule is not inapplicable because the defendants were not present at the trial. If they desired their exceptions passed upon by the court it was their duty to be present, to urge it, before the case was taken up on its merits.

The defendants object that a dispute among the owners relative to the employment and sale of a vessel belongs exclusively to the admiralty jurisdiction, and that the State courts are without jurisdiction. That is not the question involved in this case. It is whether the defendants shall pay damages for breach of the contract of partnership, and also whether there shall be a settlement of partnership.

APPEAL from the Second Judicial District Court, parish of Plaquemines. *Pardee*, J. *E. H. McCaleb*, for plaintiff and appellee. *George L. Bright*, for defendants and appellants.

### ON MOTION TO DISMISS.

LUDELING, C. J. A motion to dismiss the appeal has been made on the grounds, that the order for an appeal granted on motion in open court, has not been complied with; that the appeal bond is not in com-

pliance with said order; that after granting an appeal and fixing the return day and the amount of the bond, the district judge had no jurisdiction over the case, and that he could not change the amount of the appeal bond; and that all the parties interested in the judgment have not been made parties to this appeal. All the objections urged as grounds for dismissing the appeal, except the last, were waived by failing to file the motion within three days after the return day, the twenty-fifth day of April, 1870. On that day the transcript was filed, and the motion to dismiss was filed on the thirtieth day of April, 1870. 12 La. 480; 2 An. 138; 3 An. 326; 4 An. 514; 6 An. 115; 11 An. 613.

The last objection is untenable. We find in the record an order for an appeal granted on motion in open court, and the bond is executed in favor of the clerk. We think all the parties who have not appealed are appellees.

It is therefore ordered that the motion to dismiss be overruled.

## On Its Merits.

WYLY, J. This case was before this court in April, 1869, and was remanded in order that the necessary parties might be properly cited. 21 An. 265. It is a suit for settlement of the partnership which existed between the plaintiff and defendants in the pilotage business, and also for damages for breach of the partnership contract by the defendants. The court gave judgment against the defendants in favor of the plaintiff for one thousand dollars, and also decreed that the pilot boat "Robert Bruce," the property of the partnership, be sold and the proceeds be equally divided between the partners, the plaintiff and defendants. From this judgment all the defendants, except Alfred J. Ruiz, have appealed.

The defendants, except Ruiz, pleaded certain exceptions and answered to the merits. The case was submitted to the judge on the merits, without his being previously required to dispose of the exceptions; and the rule is that the exceptions are considered as abandoned in such a contingency.

The defendants, however, insist that as they were not present at the trial, the rule stated is not applicable to them. If they desired their exceptions passed upon by the court, it was their duty to be present to urge it before the case was taken up on the merits. There is nothing in the record showing that the answer filed in behalf of Ruiz was unauthorized, nor has he made any objection to it in this court.

We consider that all the parties were before the court; and upon examining the evidence we find that it fully sustains the judgment of the court below.

There is no force in the objection that the plaintiff introduced at the second trial the proof of witnesses taken at the first.

The defendants object that a dispute among the owners relative to the employment and sale of a vessel belongs exclusive to the admiralty jurisdiction and the State courts are without jurisdiction. That is not the question in this case. It is whether the defendants shall pay damages for breach of the contract of partnership, and also whether there shall be a settlement of the partnership.

There are other objections but they are purely technical and without weight.

Judgment affirmed.

Rehearing refused.