State vs. Callac.

## No. 11,058.

### THE STATE OF LOUISIANA VS. P. B. CALLAC.

1. A motion to dismiss an appeal because no appeal bond was given must be filed within three judicial days after the transcript is filed.
2. Our jurisdiction to examine and determine the legality and constitutionality of a city ordinance is controlled by the Constitution, and is restricted to questions of law, in such case as this.
3. A particular is not repealed by a general law, unless the two are so repugnant that they can not stand together under any circumstances.

APPEAL from the Second Recorder's Court of New Orleans. *Moulin, J.*

*Louque & McGloin* for Plaintiff and Appellee:

1. A document in the nature of reasons for judgment can not serve the purpose of a statement of facts. 3 An. 219.
2. The statement of facts required by C. P. 602 is a statement of the ultimate and determined facts of the case.
3. A mere epitome of what various witnesses have sworn to is not a statement such as provided for by C. P. 602.
4. Act 82 of 1882, regulating adulteration of food, is a general statute, not impairing the force of Act 20 of 1882, in so far as the latter empowers the city of New Orleans, within its own limits, to deal with the same matter. 39 An. 513.
5. A municipality with legislative sanction may impose a penalty upon any act committed within its own limits and against the health and peace of its citizens, even though the State, by statute, has likewise imposed a penalty upon the same act. Nor does prosecution under one of these prohibitions bar prosecution for the same act under the other. American and English Encyclopædia of Law, Vol. 17, p. 252; Cooley, Constitutional Limitations, p. 242 (199); Dillon, Municipal Corporations, Sec. 301; 46 N. W. Rep. 735.
6. Articles V and VI of the amendments to the Constitution of the United States apply only to prosecutions under Federal law. 7 Wallace, 321.
7. The principle that courts are loath to declare legislation unconstitutional applies to municipal ordinances adopted under legislative sanction.
8. He who demands a declaration of the unconstitutionality of a law must specify the character of his objections. To plead that particular articles of the Con-

stitution are violated, when those articles cover more provision than one, is not sufficient.

9. A proceeding before a recorder of the city of New Orleans for the enforcement of a police ordinance of the city is not a criminal proceeding, hence Articles V, VI, VIII, of the Constitution of this State do not apply to them. 4 An. 337; 2 La. 427; 43 An. 836; 42 An. 1112; 42 An. 272; 35 An. 1193.

*P. L. Fourchy* and *Albert Voorhies* for Defendant and Appellant:

1. In a criminal prosecution on appeal the accused furnishes no bond of appeal; but, pending the appeal, remains a prisoner in the custody of the court *a qua*, or in the custody of his surety on a bail bond. Con., Art. 9; State vs. Gutierrez, 15 An. 190.

·2. The Code of Practice does not apply to criminal proceedings on appeal. Besides, motion to dismiss comes too late after case fixed for trial on merits.

3. Sec. 6 of City Ordinance No. 6022, A. S., of June 25, 1879, under which appellant is now prosecuted, has been repealed by the subsequent passage of two other city ordinances, No. 6533, A. S., of June, 1880, and No. 6596, C. S., of August 5, 1892.

4. The said City Ordinance No. 6022, A. S., is, besides, inoperative, being superseded by the passage of two statutes, Act of 1880, No. 20, p. 23, and Act of 1882, No. 82, p. 103.

The power heretofored elegated to the city to punish the offence of adulterating milk has, for the time being, been superseded by the State, which now chooses to resume the exercise, directly and exclusively according to its own sovereign will, of the delegated power.

5. The city has no power but such as is delegated by the State; and the State may, at any time in its own discretion, withdraw, modify, suspend or supersede the exercise of such delegated power.

6. When a new law contains provisions contrary to or irreconcilable with the other law, there is an implied appeal. The provisions of City Ordinance No. 6022, A. S., are contrary to and irreconcilable with the other subsequent city ordinances and State statutes above recited; it is, therefore, repealed by the ordinances, and superseded by the statutes.

7. When a statute or ordinance creating an offence is repealed, even after sentence, but pending appeal in the Supreme Court, the judgment must be reversed. The court will *ex officio* notice the repeal; nor is it necessary to assign such repeal as error. But in this case the assignment of error is formal and precise.

ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by.

WATKINS, J. The motion is grounded upon the *absence* of any bond of appeal: but conceding that this case has not the *status* of a *criminal* proceeding, entitling defendant to be dispensed from furnishing an appeal bond, it must be taken and construed as a *civil* case, and the motion considered accordingly; and it is well settled that a motion to dismiss an appeal for such cause as an alleged *in-*

State vs. Callac.

*formality* or *irregularity* in an appeal bond must be filed in this court within three judicial days after the record is filed. And the same rule applies in case there is *no bond*.

*Vide* Webb vs. Keller, 39 An. 55, in which the court held that " a motion to dismiss on account of informality in the appeal bond, or order of appeal, or even the *want* of the latter, must be made within three judicial days after the record is filed," citing various decided cases.

The plaintiff's motion was filed in this court on the 17th of November, 1892, and the record was filed on the 19th of May, 1892.

The motion to dismiss is refused.

### ON THE MERITS.

The accusation preferred against the defendant is, that he did wilfully, maliciouslv and unlawfully violate section six of city ordinance No. 6022, administration series, in selling and offering for sale, adulterated milk.

Preliminarily, the defendant, through counsel, tendered in the recorder's court an exception to further proceedings being had on the ground that said city ordinance was illegal and unconstitutional, on the ground that it conflicts with the provisions of Act 82 of 1882—a statute upon the same subject matter—and, further, on the ground that it is violative of articles five (5), six (6) and eight (8) of the Constitution of the State, and of articles five (5) and six (6) of the Constitution of the United States, and was, consequently, null and void, and deprived the recorder of jurisdiction to try the charge preferred against him.

Said objection having been overruled, the defendant's counsel retained a bill of exceptions and the trial was proceeded with; and it resulted in the defendant's conviction and sentence to pay a fine of $25, and in default of payment, to suffer imprisonment in the parish prison for a term of thirty days.

It is from this sentence and decree that defendant prosecutes this appeal.

*In such case*, our jurisdiction is confined to an examination into and determination of the legality and unconstitutionality of the ordinance under which said fine and imprisonment were imposed.

With the *evidence* in the case on which the recorder founded his judgment, we have nothing whatever to do—hence there are only

two questions presented for decision: (1) whether there is a conflict between the ordinance and statute referred to; and (2) whether the latter violates the Constitution of the State or that of the United States.

The contention of defendant's counsel with reference to Ordinance No. 6022, A. S., having been impliedly repealed by the subsequent enactment of Ordinance No. 6533, and Ordinance No. 6596, C. S., can not be considered for the reasons, first, that this objection was not raised in the recorder's court at the trial; and, second, the alleged repealing ordinances were not filed in evidence in the recorder's court and constitute no part of the record in this case.    State vs. Frank Clesi, 44 An. 85; City vs. Labatt, 33 An. 107.

Concerning the supposed conflict between section six of Ordinance No. 6022 and the Act of 1882, counsel's contention is, that inasmuch as that statute was enacted *since* the adoption of said ordinance the latter is impliedly repealed on the ground that the State did thereby take in hand the exercise of *all the police power* for the preservation of the public health in so far as the adulteration of milk is concerned.

The section of said ordinance under which the defendant is prosecuted declares that no " person shall sell, or offer for sale, any unwholesome, watered or adulterated milk  *  *  *  or any butter, or cheese made from any such milk, or any unwholesome butter or cheese."

It is strictly confined to the adulteration of milk and its products; while on the contrary, the act of 1882 declares, in general terms, that "no person shall, within this State, manufacture, have, offer for sale, or sell *any article* of food or drugs which is adulterated."

That act contains no repealing cluase, and its inconsistency with the provisions of the ordinance can not be readily perceived.

And at the same session of the General Assembly at which that statute was enacted, the Legislature adopted a charter for the city of New Orleans, and especially delegated to the council thereof the power and imposed upon them " the duty to pass such ordinances, and to see to their ¦faithful execution as may be necessary (1) to preserve the peace and good order of the city; (2) to maintain its cleanliness and health;        *        *        *        *

and to adopt such ordinances and regulations as shall be necessary and expedient for the protection of health, and to prevent the spread of disease," etc.   It further delegated to them the power

" to *prevent* the sale of adulterated or decayed food, and punish the same (and) to punish the sale of adulterated drinks," etc.

From a careful perusal of the provisions of the two foregoing acts it seems manifestly to have been the legislative intent that they should not conflict with each other, but that the power of the city council over the questions of the health and good order of the city and its inhabitants should be maintained and exercised, as it had been prior to the enactment of that charter. Such being accepted as a proper and correct interpretation of the act in question, the force and effect of Ordinance No. 6022, A. S., remain unaffected thereby, and defendant's complaint of its illegality fails, as matter of course.

The aforesaid statutes of 1882 were held by this court not to be inconsistent, in State vs. Labatut, 39 An. 513; *vide* Cooley's Con. Lim., p. 242; Dillon's Munic. Corp., Sec. 301.

In counsel's brief no argument is presented on the objection of the *unconstitutionality* of the ordinance, and the only inference that we can draw from the perusal of the several articles of the State and Federal Constitutions cited is that in case we maintain the legality and compatibility of the ordinance and the act of 1882, the defendant may become liable to a double prosecution in violation thereof. Of course we can not anticipate what may be the results of our decision in case the defendant should be *hereafter* indicted under that act for the adulteration of milk. There will be sufficient time to consider and decide the question when the defendant raises that issue, and presents it in avoidance of such a prosecution.

We find no error in the recorder's decision.

Judgment affirmed.

Rehearing refused.