state agent, and owed a duty to his employer which he failed to discharge.

It only remains for us to affirm the verdict and judgment.

For reasons stated, the verdict and judgment are affirmed.

PROVOSTY, J., concurs in the decree.

———

(47 South. 622.)

No. 17,265.

STATE v. SIMPSON.

(Nov. 16, 1908.)

On Motion to Dismiss Appeal.

1. CRIMINAL LAW (§ 1131*)—APPEAL—MOTION TO DISMISS—TIME FOR.

Where, in a criminal case, within the legal delay, an appeal, suspensive and devolutive, is allowed from a judgment dismissing a rule, taken by the surety, to set aside the forfeiture of an appearance bond, where the order makes such appeal returnable after the delay contemplated by the law where the bond is given as for a devolutive appeal, and where the transcript is lodged in this court within the delay fixed in the order, the motion to dismiss the appeal comes too late if filed more than three days after the filing of the transcript. Whether the appellant before the court has sufficient interest to enable him to stand in judgment for the purposes of the appeal can best be determined by considering the case on its merits.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1131.*]

On the Merits.

2. BAIL (§ 94*)—ACTION ON BOND—RIGHT TO REVIEW—PERSONS ENTITLED—SURETY.

Where the sheriff is unwilling to accept the surety offered (upon an appearance bond) unless the amount called for by the bond is deposited in bank to his (the surety's) credit, and, the deposit being made, judgment is thereafter rendered against the surety, and where it appears that the sheriff looks to the surety to satisfy the bond, and it does not appear that the money in question was furnished by the accused or is still on deposit, the surety has an interest in prosecuting an appeal from the judgment so rendered against him.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 94.*]

3. BAIL (§ 49*)—IN CRIMINAL PROSECUTION—UNAUTHORIZED TAKING — LIABILITY OF SURETY.

It has frequently been held by this court that bail for the appearance of a person charged with crime cannot be taken by the sheriff without an order of court therefor (the allowing of bail and the determination of the amount being judicial acts, which must be performed by the judge), and that the surety on a bond received by the sheriff without such order is not bound thereby. Hence, where the only order made by the judge contemplated the taking of a bond with reference to a particular charge made by affidavit · before a justice of the peace, and the bond is actually taken with reference to a different charge subsequently made by bill of information, upon which the accused is rearrested and recommitted (there being no further order of court), the action of the sheriff in taking such bond and releasing the accused is unauthorized, and the surety cannot be held liable.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 49.*]

(Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Jackson; George Wear, Judge.

M. B. Simpson was arrested on an affidavit sworn out before a justice of the peace, and was released on a bond upon which J. C. Brown was surety. Simpson having failed to appear, his bond was forfeited, and from the forfeiture his surety appeals, and the State moves to dismiss the appeal. Motion denied, and judgment reversed and rendered.

Clayton, Hawthorn & Atkinson, for appellant. Walter Guion, Atty. Gen., and Orin Medicus Grisham, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State.

Statement of the Case.

MONROE, J. Defendant, Simpson, was arrested on June 12, 1908, under a warrant, issued by the justice of the peace for the Fourth ward of the parish of Lincoln, directing the sheriff to bring him before the justice or the judge of the district court, and on June 24th, being then in jail, obtained an order from the judge of the district court for his release on a bond of $1,500. On June 26th the district attorney filed a bill of information in the district court, apparently predicated upon the acts which constituted the basis of the previous charge, but containing a wholly different charge, whereupon a

warrant was issued from the district court, the return upon which reads:

"Received within warrant on June 26, and served same by arresting M. B. Simpson on June 27, 1908, whom I committed to jail at Vernon, Louisiana, and now have in my custody."

On June 29th, without any further application on his part or judicial authority, Simpson gave bond (with J. C. Brown as surety) in the sum of $1,500, conditioned that he "shall * * * appear and attend on the first day of said court, at its next regular term, beginning at Vernon on the 21st day of July, 1908, and at each successive term of said court, and shall there remain until discharged in due course of law and not depart therefrom without leave of the court first had and obtained," etc., and he was thereupon released from custody. On July 21st, having been called in the district court and failed to appear, and his surety having failed to produce him, he and his surety were condemned, in solido, for the amount of the bond. On July 22d the surety moved to set aside the judgment so rendered on the grounds that the warrant was issued on the same day as the bill of information and given the same number (1,881) on the docket; that the return shows that defendant, by virtue thereof, was committed to jail; that the sheriff never thereafter obtained any authority to release him; that his action in releasing defendant was unauthorized by law; and that no legal liability against the surety on said purported bond, of any kind whatsoever, can flow therefrom.

To the motion so made the district attorney excepted, and for cause of exception alleged:

That the surety is a mere stakeholder, having had deposited to his credit the amount called for by the bond, and hence is without interest. That at the time of the execution of the bond the principal was in custody, that he obtained his release on giving the bond, and that he and his surety are therefore estopped to urge any informality or illegality in the bond.

On the trial of the motion the sheriff testified that he took the bond in question upon the authority of the order of June 24th, that he would not have accepted Brown as surety if the $1,500 had not been deposited in bank to his credit, and that he now looks to Brown as surety on the bond. There is no evidence as to the ownership of the money deposited. The minutes of the court (of July 22d) with reference to the final disposition of the matter read as follows:

"Motion taken up for trial. Evidence adduced. Arguments heard and overruled. Final judgment rendered against M. B. Simpson, principal, and J. C. Brown, surety, in solido, in the sum of $1,500, with 5 per cent. interest from date. Judgment read and signed and filed in open court. * * * Counsel for surety, in open court, asks for and is granted his suspensive and devolutive appeal, returnable to the honorable Supreme Court of Louisiana on Monday, August 24, 1908. Suspensive appeal bond fixed as the law directs, and devolutive appeal in the sum of ($50) fifty dollars."

A bond was given in the sum of $50 as for a devolutive appeal, and the appeal was lodged in this court on August 14, 1908.

Opinion—On Motion to Dismiss Appeal.

The state moves to dismiss the appeal, on the grounds:

(1) That it was not made returnable within ten days.

(2) That no devolutive appeal lies in a case such as this.

(3) That "there is no bond, as required by law, in quasi criminal forfeiture of criminal bonds."

(4) That the surety is a mere stakeholder and the principal an absconder from justice, and the surety has no standing in court to defend this suit.

The motion to dismiss was filed more than two months after the transcript had been lodged in this court. We are of opinion that it comes too late. Motions to dismiss, predi-

cated upon alleged defects in the order of appeal or the bond given, must be filed within three days after the filing of the transcript. State v. Callac, 45 La. Ann. 27, 12 South. 119; Naghten v. His Wife, 48 La. Ann. 799, 19 South. 762; Gagneaux v. Desonier, 104 La. 651, 29 South. 282; In re Lindner, 113 La. 772, 37 South. 720.

Referring to the second ground relied on, it is true that no devolutive appeal will lie in a criminal case—and a proceeding to forfeit a bail bond is treated as a criminal proceeding in order to determine the question of jurisdiction in case of appeal (Marr's Criminal Dig. p. 377)—in the sense that no appeal will lie if taken after the delay for the suspensive appeal, which the law allows, has expired. State v. O'Rourke, 49 La. Ann. 1567, 22 South. 818. But in this case the delay had not expired when the appeal, suspensive and devolutive, was granted, and the failure of the appellant to give the kind of bond required (by the order) to sustain the only appeal to which he was entitled is a matter of which the appellee should have complained within the three days following the filing of the transcript. Whether the appellant has sufficient interest to give him a standing in court is a matter that can be best determined upon considering the case on the merits. The motion to dismiss is therefore denied.

### On the Merits.

The sheriff was unwilling to accept the appellant as surety until $1,500 should have been deposited in bank to his credit; and, the money having been deposited, that fact is now made the basis of the objection that he is a mere stakeholder and has no standing in court to appeal from a judgment which has been rendered against him for the amount. The sheriff, however, testified that he did not know whether the money was still in bank and that he was looking to the surety to satisfy the bond, and there is no evidence as to the ownership of the money deposited.

Upon the face of the record, therefore, the appellant appears to have quite a lively interest in the issue presented by the appeal. The defendant, Simpson, was arrested, as we have (seen, by virtue of a warrant issued by the justice of the peace upon an affidavit charging him with certain acts which were supposed by the justice of the peace to constitute a crime necessarily punishable at hard labor, and he made his application to be released and obtained the necessary order fixing the amount of his bond with reference to that charge, since there was no other pending against him. Before he had availed himself of the order so made, however, and given the bond required by it, he was charged, by a bill of information subsequently filed, with other acts constituting the crime intended to have been, but really not, previously charged, and, though already in jail, was rearrested and "committed to jail" to answer the charge last mentioned. Whereupon, without further application or order, he gave the bond out of which this litigation has arisen (and which was evidently framed, not with reference to the original charge as contained in the affidavit before the justice of the peace, or with reference to the order made by the judge of the district court, but with reference to the charge contained in the information, filed after the making of the order) and was released. It may be here stated that the offense with which it was the purpose to charge the defendant, both by the affidavit and the bill of information, is one for which he can be prosecuted only by information or indictment (Const. art. 9), and the only purpose, therefore, that could have been accomplished by a bond taken pursuant to the order, as and when given, was to secure his appearance before the grand jury or his presence until the district attorney should file his bill of information. The bond as given, however, and for which there was no order, was conditioned ·to secure his appearance before the court to stand trial on the charge contained

in the bill. And as matters then stood the sheriff was without authority to accept it, since the accused had been rearrested and recommitted upon a charge with respect to which the court had made no order.

It has frequently been held by this court that bail for the appearance of a person charged with crime cannot be taken by the sheriff without an order of court therefor (the allowing of bail and the determination of the amount being judicial acts which must be performed by the judge), and that the surety on a bond received by the sheriff without such order is not bound thereby. State v. Jones, 3 La. Ann. 9; State v. Lougineau, 6 La. Ann. 700; State v. Clendennen et al., 6 La. Ann. 744; State v. Gilbert, 10 La. Ann. 532; State v. Balize, 38 La. Ann. 542; State v. Toups, 44 La. Ann. 904, 11 South. 524.

In State v. Brusle, Sheriff, 34 La. Ann. 61, it appeared that Frank Thomas was charged by affidavit with having "shot and mortally wounded one Jack Talbot, who since died from the effects of the wound," and that he was released on a bond for $250; that subsequently he was indicted for manslaughter and pleaded to the indictment; that the trial of the case was postponed, and that thereafter, on the suggestion of the district attorney, he was rearrested, but ordered to be released on furnishing another bond of $250, which he refused to furnish, asserting that he was entitled to his liberty on the bond already given. Upon his application for habeas corpus, however, this court held to the contrary, saying (inter alia):

"It is a common practice, when the indictment is returned, a true bill having been found, for the judge to issue a bench warrant, or an order of commitment in the nature of a warrant, and to fix immediately the amount of bail precisely because the previous bond had gone out of existence."

Our conclusion, then, is that, as the order under which the sheriff acted in this case contemplated the taking of a bond with reference to the charge contained in the affida-

vit before the justice of the peace, and as the bond sued on was taken with reference to a different charge, subsequently made, by bill of information, upon which the accused was rearrested and recommitted, the sheriff was without authority either to take such bond or to release the accused, and the surety is not bound.

It is therefore ordered, adjudged, and decreed that the judgment appealed from, in so far as it condemns J. C. Brown, appellant herein, be annulled, avoided, and reversed, and that there be judgment in favor of said Brown, rejecting the demand here made against him.