On Motion to Dismiss the Appeal.
BREAUX, C. J.
The appeal was returnable here on March 16. 1908.
On that day the time was extended by the court to the 6th of April.
On the 6th of April appellant presented a motion, with accompanying affidavit of the clerk of the district court, setting out that additional time (15 days) was necessary to enable him to complete the transcript.
This motion was filed by the clerk of this court, as is usual, at the time it was presented.
On the 13th of the month of April the motion was called in open court and the 15 days’ delay applied for was granted.
As the court was not in session, no action could be taken in court before the last-mentioned date.
The question is whether filing the application for time within which to prepare the transcript in the clerk’s office and bringing the motion to the clerk’s attention as one to be acted upon in open court was sufficient to obtain the delay.
In the case which counsel for appellee cites in support of his motion to dismiss the appeal the legal delays had already elapsed and it follows that the time within which to apply for delay had already expired.
It is not the case here.
The application was timely, but it had not been acted upon by the court, as it was not in session.
The following is in point:
“The court was not in session. The application was received and filed later. On the first day’s session, the court acted upon the application and computed the delay from the day that the application was filed.”
In other words, the court declined to' dismiss the appeal on a motion similar to the one filed by the appellee in this case. State ex rel. Fairchild v. Stillman, 31 La. Ann. 162; Chretien v. Poincy, 33 La. Ann, 132; Lacroix v. Bonin, 33 La. Ann. 119.
For reasons stated, the motion is overruled.
On Application to Dismiss the Appeal.
The appellees in their brief on other grounds urge that the order of appeal is not *955 such as required and that the appeal bond is fatally defective.
The complaint is that the appeal was taken by John Watt “and others,” not named in the motion or bond.
No motion has been made to dismiss the appeal upon that ground. There was a motion interposed for the purpose of amending the judgment upon another ground, which is now before us.
In any case, whether the “and others” include the four heirs or not, the appeal of John Watt is before us. No motion being made to dismiss, we still have the issues before us for decision. State v. Callac, 45 La. Ann. 27, 12 South. 119.
, There was an agreement entered into between counsel to the end of reducing the bulkiness of the transcript, and in order that •the clerk would copy only such documents as .are needful to a decision of the issues. It is as broad as any agreement of the kind can be made. It has the appearance of conclusiveness as relates to the appeal itself.
The appellees must aver specially the informality in the order of the appeal or in the bond. The grounds to dismiss will not be supplied by the court on suggestion in the brief, particularly when the parties have entered into an agreement to facilitate the appeal; and, besides, the appellee without the least reserve moved to amend the judgment. As he asks for the amendment of the judgment, he has scant ground to ask for the dismissal of the appeal.
The court in substance held that there must be a special plea filed to dismiss, to justify a dismissal of the appeal on the ground stated in this ease. State v. Callac, 45 La. Ann. 27, 12 South. 119; Webb v. Keller, 39 La. Ann. 55, 1 South. 423.
We therefore take up the statement of facts.