HINTON COMPANY v. ROUSE

(June 21, 1926. Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digst—Conflict of Laws—Par. 1, 4; Sales—Par. 324, 333.

The seller of an automobile by a conditional sale made in Mississippi, under laws of which state the title remained in the seller with the right to repossess said car in case of non-payment of the purchase price, even as against innocent purchasers, or pledgees, is entitled to recover the car from an innocent pledgee in Louisiana, to which state it had been removed by the purchaser, without the consent of the seller.

Appeal from the Civil District Court for the Parish of Orleans, Division "B". Hon. Mark M. Boatner, Judge.

Action by R. W. Hinton Company against J. G. Rouse.

There was judgment for plaintiff and intervenor appealed.

Judgment affirmed.

R. A. Tichenor, of New Orleans, attorney for intervenor and appellant.

W. O. Hart, of New Orleans, attorney for civil sheriff.

C. L. Walker, curator ad hoc.

Wm. McClendon, Jr., of New Orleans, attorney for plaintiff, appellee.

PHELPS, Judge Ad Hoc. R. W. Hinton Company, plaintiff herein, is a Mississippi corporation. J. G. Rouse, defendant herein, is a citizen of Mississippi. Plaintiff sold to defendant a Ford car on terms of part cash and part credit under a conditional sales agreement entered into at Picayune, Mississippi, under the terms of which plaintiff retained title to, and had the right to repossess the car in case of non-payment of the purchase price. Defendant, without plaintiff's knowledge or consent, brought the car to New Orleans and delivered it in pledge to Oscar Cook to secure a loan of $100.00. Defendant failed to pay the credit portion of the purchase price. Plaintiff thereupon sequestered the car in the hands of Cook. Cook intervened and asserted his pledge and appeals from a judgment recognizing plaintiff as the owner of the automobile, maintaining the writ of sequestration, and dismissing the intervention of Rouse.

It was proven by a certified copy of the laws of Mississippi and by the testimony of a Mississippi lawyer that the conditional sales agreement was a valid one under the laws of that state and that plaintiff thereby retained title to the car and could enforce same as against bona fide purchasers or pledgees. This case, therefore, falls squarely within the recent decision of the Supreme Court of Louisiana in Overland Texarkana Co. vs. Bickley, 152 La. 622, 94 South. 138, in which the court held that the purchaser under a conditional sale of an automobile made in Arkansas could not give good title to an innocent purchaser in Louisiana, to which state the car had been removed, for the reason that no title passed under the law of Arkansas to the purchaser under the

conditional sale, and hence he had no title to transfer when he brought the car into Louisiana.

The judgment appealed from is correct and is affirmed.