POWER v. CHRISTINA

(January 2, 1928. Opinion and Decree.)

(*Syllabus by the Court*)

ON MOTION TO DISMISS

1. **Louisiana Digest — Appeal — Par. 300, 325, 326, 516, 526.**
A motion to dismiss an appeal on the ground that the amount of the bond was not fixed by the court, as required by Article C. P. 578, must be made within three days following the return day of the appeal.
2. **Louisiana Digest—Appeal—Par. 530.**
In case of doubt appeal will be maintained.

Appeal from Twenty-fourth Judicial District Court for the Parish of Jefferson. Hon. L. Robert Rivarde, Judge.

Action by Powell Motor Co. against A. Christina & Bros.

There was judgment for plaintiff and defendant appealed.

Judgment on motion to dismiss, maintaining the appeal.

W. O. Hart, of New Orleans, attorney for plaintiff, appellee.

John E. Fleury, of New Orleans, attorney for defendants, appellants.

CLAIBORNE, J. This is a suit to be recognized as the owner of an automobile.

The plaintiffs of Mississippi alleged that on November 15th, 1922, they sold to Pat Murphy, alias Smith, alias Pippin, a Ford touring car for the price of $519.55, for which the said Murphy gave plaintiffs a check on the Jefferson County Bank of Fayette, Mississippi, which was dishonored, N. S. F.; that under the laws of Mississippi no title passed to the said Murphy to said automobile; that said automobile is now in the possession of defendants who refuse to deliver it to plaintiffs. The plaintiffs pray that "there be judgment in their favor decreeing them to be the owners of said automobile and accessories, arid ordering same to be delivered to them".

The defendants admitted that the automobile was in possession of S. T. Christina, one of the members of defendant firm; who refused to deliver it to plaintiffs; they denied all the other allegations and averred that on November 20th, 1922, they loaned $300 to Pat Murphy who pawned to them the automobile claimed; they pray that plaintiffs' suit be dismissed or that they be condemned to reimburse to them the amount of the loan, $300.

There was judgment in favor of plaintiffs "decreeing the said Powell Motor Co. to be the owners of the automobile and accessories, commanding and directing the sheriff of the Parish of Jefferson to return to the said Powell Motor Co., plaintiff

herein, the said Ford automobile heretofore sequestered".

From this judgment the defendants obtained the following order of appeal:

"It is ordered by the court that ·movers herein, A. Christina & Bros., be granted a suspensive appeal herein returnable to the Honorable the Court of Appeal for the Parish of Orleans on the. 7th day of March, 1927, upon furnishing bond with good and solvent security in accordance with law."

Thereupon the defendants furnished bond in the sum of eight hundred dollars and filed the transcript in this court on March 7th, 1927.

In this court plaintiffs and appellees, on ·November 16th, 1927, moved to dismiss the appeal upon the ground:

"That the judgment by the District Court not being a moneyed judgment, the amount of the bond should have been fixed by the court, and this not having been done the appeal should be dismissed for want of a legal bond."

The answer of the appellants is that this motion should have been made within three days of the return day of the appeal.

The general rule is that a motion to dismiss an appeal for informalities or irregularities in the order of appeal, or in the appeal bond, and which are not essential or jurisdictional, and which do not strike at the foundation of the right of appeal, must be filed within three days after the return day. C. P. 886-589-591; 7 N. S. 271; Murrison vs. Seiler & Co., 22 La. Ann. 327; Mutual Life Ins. Co. vs. Houchins, 52. La. Ann. 1137, 27 So. 657; Walker vs. Sauvinet, 27 La. Ann. 314; Michel vs. Meyer, 27 La. Ann. 173; Monteleone vs. National Union Fire Ins. Co., 128 La. 425, 54 Sou. 929; Bradshaw vs. Knoll, 132 La. 829, 61 So. 839; Schmitt vs. Drouet & Rabasse, 42 La. Ann. 716, 7 So.

746; Black vs. Mayo, 42 La. Ann. 638, 8 So. 52; Stein vs. Brunner, 42 La. Ann. 772, 7 So. 718; State of La. vs. Callac, 45 La. Ann. 27, 12 So. 119; Saxon vs. Southwestern Brick & Tile Co., 113 La. 638, 37 So. 540; In re Linder, 113 La. 772, 37 So. 720; Francis vs. Lavine, 26 La. Ann. 311; State vs. Simpson, 122 La. 309 (313), 47 So. 622; Naghten vs. His Wife, 48 La. Ann. 800, 19 So. 762.

This rule has been applied to an informality in the order of appeal. O'Reilly vs. McLeod, 2 La. Ann. 138; Webb vs. Amelia Keller, 39 La. Ann. 55, 1 So. 423; State of La. vs. Callac, 45 La. Ann. 27, 12 So. 119; Coreil vs. Town of Welsh, 120 La. 558, 45 So. 438; State vs. Simpson, 122 La. 312 (313), 47 So. 622.

Or to the want of an appeal bond. Temple vs. Marshall & James and Sheriff, 11 La. Ann. 613; 12 Ct. of App., 107, 109; Hall vs. Neville, 3 La. Ann. 326; State of La. vs. P. B. Callac, 45 La Ann. 28, 12 So. 119; Coreil vs. Town of Welsh, 120 La. 558, 45 So. 438; Webb vs. Keller; 39 La. Ann. 55; 1 So. 423; State vs. Simpson, 122 La. 312, 47 So. 622; 13 Ct. App. 137; 8 La. Dig., p. 655; 526 Tessier Dig. 18; or that the bond was not such as was required by law; Succession of Robt. Charmbury, 34 La. Ann. 21 (25).

"The failure of appellant to give the kind of bond required (by the order)· to sustain the only appeal to which he was entitled is a matter of which the appellee should have complained within the three days following the filing of the transcript." State vs. Simpson, 122 La. 313, 47 So. 622.

A distinction must be made between the cases where the appeals were dismissed upon the motion of appellees filed within the sacramental three days, and cases where such motions were made after the three days. For there are many cases

where the appeals must be dismissed on grounds urged in proper time, and where it cannot be dismissed on the same grounds urged after the time fixed by law. The present case ⁻is one of the latter cases. In none of the cases quoted by the appellee does it appear that the motions to dismiss were made after the three days.

While it does not appear it must be presumed that in all the cases where the appeal was dismissed the motions were made in due time.

It cannot be said that the appellant had no order of appeal, for the order is there. All that can be said is that the order contains an error or an omission in not fixing the amount of the bond. That error or omission is protected by the prescription of three days in accordance with the authorities quoted above.

It is also protected by Article C. P. 898, which provides that no appeal shall be dismissed for any error in the order of appeal when it shall not appear that such error was imputable to the appellant.

Nor can it be said that the appellant has furnished no bond, for a bond of eight hundred dollars properly signed is in the transcript.

Appellee's motion itself prays for dismissal "for want of a legal bond".

All that can be said is that the bond is not for an amount fixed by the court.

That also is an error or an omission covered by the same authorities and the prescription of three days. The appellee may waive the necessity of a legal bond and he may be presumed to have done so when he fails to object within three days to the one filed by appellant. 12 Orl. App. 107 on rehearing.

The object of the three days' prescription may be to prevent the appellee from waiting one year after the judgment has been rendered before springing a motion to dismiss and thus deprive the appellant of the benefit of appeal. C. P. 593

The tendency is to do away with the technicalities by which parties lose their appeals. Witness the amendment to C. P. 898 in 1870 and Act 112 of 1926.

The right of appeal is favored.

"When the ground for dismissal is doubtful the appeal will be maintained." 1 La. Dig., p. 548, S. 530.

Motion to dismiss denied.