## POWELL MOTOR CO. v. A CHRISTINA AND BROS.

———

(January 2, 1928. Opinion and Decree on motion to Dismiss.)
(April 9, 1928. Opinion and Decree.)

———

(*Syllabus by the Court*)

ON MOTION TO DISMISS.

1. **Louisiana Digest—Appeal—Par. 326, 516, 526.**

A motion to dismiss an appeal on the ground that the amount of the bond was not fixed by the court, as required

by Article C. P. 578 must be made within three days following the return day of the appeal.

**2. Louisiana Digest—Appeal—Par. 20, 530.**
In case of doubt appeal will be maintained.

### ON THE MERITS.

**3. Louisiana Digest—Conflict of Laws—Par. 1, 4; Sales—Par. 324, 333.**
The unpaid vendor of an automobile in Mississippi, where title remains in seller with right to repossess the car is entitled to recover as against a pledgee who has not shown due care in making loan on car.

Appeal from Twenty-fourth Judicial District Court for the Parish of Jefferson. Hon. L. Robert Rivarde, Judge.

Action by Powell Motor Company against A. Christina and Bros.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

W. O. Hart, of New Orleans, attorney for plaintiff, appellee.

John E. Fleury, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit to be recognized as the owner of an automobile.

The plaintiffs, of Mississippi, alleged that on November 15, 1922, they sold to Pat Murphy, alias Smith, alias Pippin, a Ford touring car for the price of $519.55, for which the said Murphy gave plaintiffs a check on the Jefferson County Bank of Fayette, Mississippi, which was dishonored, N. S. F.; that under the laws of Mississippi no title passed to the said Murphy to said automobile; that said automobile is now in the possession of defendants who refuse to deliver it to plaintiffs. The plaintiffs pray that "there be judgment in their favor decreeing them to be the owners of said automobile and accessories, and ordering same delivered to them."

The defendants admitted that the automobile was in possession of S. T. Christina, one of the members of the defendant firm; who refused to deliver it to plaintiffs; they denied all the other allegations and averred that on November 20, 1922, they loaned $300 to Pat Murphy who pawned to them the automobile claimed; they pray that plaintiffs' suit be dismissed or that they be condemned to reimburse to them the amount of the loan, $300.

There was judgment in favor of plaintiffs "decreeing the said Powell Motor Co. to be the owners of the automobile and accessories, commanding and directing the sheriff of the Parish of Jefferson to return to the said Powell Motor Co., plaintiff herein, the said Ford automobile heretofore sequestered."

From this judgment the defendants obtained the following order of appeal:

It is ordered by the court that movers herein, A. Christina and Bros., be granted a suspensive appeal herein, returnable to the Honorable the Court of Appeal for the Parish of Orleans on the 7th day of March, 1927, upon furnishing bond with good and solvent security in accordance with law."

Thereupon the defendants furnished bond in the sum of eight hundred dollars and filed the transcript in this court on March 7, 1927.

In this court plaintiffs and appellees, on November 16, 1927, moved to dismiss the appeal upon the ground:

"That the judgment by the District Court not being a moneyed judgment, the amount of the bond should have been fixed by the court and this not having been done the appeal should be dismissed for want of a legal bond."

The answer of the appellants is that

this motion should have been made within three days of the return day of the appeal.

The general rule is that a motion to dismiss an appeal for informalities or irregularities in the order of appeal, or in the appeal bond, and which are not essential or jurisdictional, and which do not strike at the foundation of the right of appeal, must be filed within three days after the return day. C. P. 886-589 591; 7 N. S. 271; Murrison vs. Seiler &.Co., 22 La. Ann. 327; Mutual Life Ins. Co. vs. Houchins, 52 La. Ann. 1137, 27 So. 657; Walker vs. Sauvinet, 27 La. Ann. 314; Chaffraix & Agar vs. Packard, 27 La. Ann. 173; Monteleone vs. National Union Fire Ins. Co., 128 La. 425, 54 So. 929; Bradshaw vs. Knoll, 132 La. 829, 61 So. 839; Schmitt vs. Drouett & Rabasse, 42 La. Ann. 716, 7 So. 746; Black vs. Mayo, 42 La. Ann. 637, 8 So. 52; Francis vs. Lavine, 26 La. Ann. 311; State vs. Simpson, 122 La. 309, 47 So. 622; State vs. Simpson, 122 La. 313, 47 So. 622; Naghten vs. Wife, 48 La. Ann. 799.

This rule has been applied to an informality in the order of appeal. Succession of Segond, 2 La. Ann. 138; Webb vs. Keller, 39 La. Ann. 55, 1 So. 423; State of Louisiana vs. Callac, 45 La. Ann. 27, 12 So. 119; Coreil vs. Town of Welsh, 120 La. 558, 45 So. 438; State vs. Simpson, 122 La. 313, 47 So. 622; State vs. Simpson, 122 La. 313, 47 So. 622.

Or to the want of an appeal bond. Temple vs. Marshall & James & Sheriff, 11 La. Ann. 613; 12 Ct. App. 107, 109; Hall vs. Nevill, 3 La. Ann. 326; State of Louisiana vs. Callac, 45 La. Ann. 27, 12 So. 119; Coreil vs. Town of Welsh, 120 La. 558, 45 So. 438; Webb vs. Keller, 39 La. Ann. 55, 1 So. 423; State vs. Simpson, 122 La. 312, 47 So. 622; 13 Ct. App. 137; 8 La. Dig., p. 65; S. 526 Tessier Dig. 18; Succession of Charmbury, 34 La. Ann. 21; or that the

bond was not such as was required by law. 34 A. 21 (25).

"The failure of appellant to give the kind of bond required (by the order) to sustain the only appeal to which he was entitled is a matter of which the appellee should have complained within the three days following the filing of the transcript." State' vs. Simpson, 122 La. 312, 47 So. 622.

A distinction must be made between the cases where the appeals were dismissed upon the motion of appellees filed within the sacramental three days, and cases where such motions were made after the three days. For there are many cases where the appeals must be dismissed on grounds urged in proper time, and where it cannot be dismissed on the same grounds urged after the time fixed by law. The present cases is one of the latter cases. In none of the cases quoted by the appellee does it appear that the motions to dismiss were made after the three days.

While it does not appear it must be presumed that in all the cases where the appeal was dismissed the motions were made in due time.

It cannot be said that the appellant had no order of appeal, for the order is there. All that can be said, is that the order contains an error or an omission in not fixing the amount of the bond. That error or omission is protected by the prescription of three days in accordance with the authorities quoted above.

It is also protected by Article C. P. 898, which provides that no appeal shall be dismissed for any error in the order of appeal when it shall not appear that such error was imputable to the appellant.

Nor can it be said that the appellant has furnished no bond, for a bond of eight hundred dollars properly signed is in the transcript.

Appellee's motion itself prays for dismissal "for want of a legal bond."

All that can be said is that the bond is not for an amount fixed by the court.

That also is an error or an omission covered by the same authorities and the prescription of three days. The appellee may waive the necessity of a legal bond and he may be presumed to have done so when he fails to object within three days to the one filed by appellant. 12 Orl. App. 107, on rehearing.

The object of the three days' prescription may be to prevent the appellee from waiting one year after the judgment has been rendered before springing a motion to dismiss and thus deprive the appellant of the benefit of appeal. C. P. 593.

The tendency is to do away with the technicalities by which parties lose their appeals. Witness the amendment to C. P. 898 in 1870 and Act 112 of 1916.

The right of appeal is favored.

"When the ground for dismissal is doubtful the appeal will be maintained." 1 La. Dig., p. 548, S. 530.

Motion to dismiss denied.

## ON THE MERITS.

JONES, J. On the afternoon of November 15, 1922, after banking hours, the plaintiff sold and delivered in Vicksburg, Mississippi, a Ford automobile, with accessories, for the price and sum of five hundred nineteen and 55-100 ($519.55) dollars, to a man representing himself as Pat Murphy of Red Lick, Mississippi, a small town near Fayette, Mississippi. Murphy said he was a road contractor in Claiborne County, Mississippi; was going to Fayette that night and would return to Vicksburg in a day or two for further equipment. In payment for the automobile, Pat Murphy gave the plaintiff a check drawn on the Jefferson County Bank, of Fayette, Mississippi. Before plaintiff accepted check, Murphy exhibited his bank book which showed apparently sufficient deposits in Fayette bank to cover check. When this check was presented the next morning to the bank on which it was drawn, payment was refused, for want of funds to the credit of the drawer.

In the meantime, Pat Murphy had left Vicksburg with the automobile. Upon learning that the check was not good, the plaintiff notified the police department of Vicksburg, and the sheriff of Warren County, Mississippi, in which Vicksburg is located, asking them to take the matter up at once with surrounding localities, in an endeavor to locate Murphy. Police reported he had previously registered under name of Smith at a Vicksburg hotel. The plaintiff also made every effort to locate Murphy and the automobile, sending out circulars giving a description of Murphy and the automobile. In July, 1923, the plaintiff received a letter from Murphy, who was then in jail at Jackson, Miss. A representative of the plaintiff company went to see Murphy, and Murphy told him that the automobile was at Kenner, Louisiana, where it had been pawned to a merchant, whose name he could not remember.

The plaintiff's attorney then went to Kenner, and found the automobile in the possession of the defendants, who refused to give it up. Thereupon the plaintiff filed this suit and sequestered the automobile. Defendants immediately bonded the sequestration. The receipted bill in the record shows that an item of three and 50-100 ($3.50) dollars had been pencilled out with the notation "Due to be installed."

S. T. Christina, a member of the defendant firm, testified as follows:

On November 20, 1922, a man, giving his name as Pat Murphy, called at defendants'· place of business in Kenner with a new Ford automobile, and stated that he wanted to borrow three hundred ($300.00) dollars, so that he could move his family from Vicksburg to Harahan, where he said he had a job in railroad yard as a foreman. Murphy then exhibited an itemized bill for five hundred nineteen and 55-100 ($519.55) dollars made out to him at Red Lick, Mississippi, on the letterhead of plaintiff and stamped paid, Powell Motor Co., Vicksburg, Miss. (Schaffer); that he had Pat Murphy identified to his satisfaction, and then loaned him three hundred ($300.00) dollars, for which Pat Murphy signed a thirty-day note, dated November 20, 1922, and, as security for the note, left the automobile with the defendants.

As to the so-called identification, Christina testified as follows:

"I asked him did he know anybody and he said, yes he knew Mr. E. C. Roddy, superintendent or road master of the I. C. Railroad * * * I rang up Roddy and couldn't get hold of him * * * We met Mr. Radetke, the flagman on the switch engine; we went over to him and asked him did he know this man; he said his face was familiar; he said if I am not mistaken, he worked in the government yards during the strike. I said, 'you are positive you know him' and he said, 'yes, I am positive I know him'."

This evidence was not satisfactory to the trial judge and it is not convincing to us. It would have been far more persuasive had defendants secured information from Roadmaster Roddy, instead of relying on the vague statement of the flagman of a switch engine·whom he accidentally met at the time. Had he spoken· to someone in authority, he would probably have ascertained that the story was enitrely fictitious. It will be noted that Radetke didn't state that the man was then employed by the I. C. Railroad Company, but merely that he thought he had worked there during the strike.

The automobile was not used until the note matured, but upon its non-payment at maturity, the automobile was thereafter used by the defendant firm, and was also continuously used by them after the sequestration was bonded; he never saw Pat Murphy before or after the transaction in question, and never took any steps to enforce the pledge and pawn of the car.

Moncure Dabney, an attorney-at-law, practicing in Vicksburg, Mississippi, testified that he had been practicing law in that state for the past seventeen years; that he was familiar with the laws of Mississippi in respect to the sale of movable property, and that where one gives a worthless check in Mississippi in payment for an automobile, no consideration passes, and there is no sale. On cross-examination he was asked to cite any statute or decision of Mississippi supporting his answers. He cited the case of Citizens Bank vs. Kretschmar, 91st Miss. Report, 44 Sou. Rep. 930, where the Supreme Court of Mississippi held as follows:

"Where a check given in payment of an account is not honored on presentment, the original indebtedness is not discharged but continues, and may be sued on without resorting to the debtor's liability on the check.

"Where a check is received as payment, but is dishonored on presentment, it does not amount to a payment, for the creditor's agreement to accept is without consideration."

There was judgment in the District Court in favor of the plaintiff, maintaining the sequestration and decreeing that the plaintiff was the owner of the automobile. The

judge of the District Court, in the course of his reasons for judgment, uses the following words:

."The evidence further shows that, at the time the alleged loan was made to Pat Murphy, he gave his note for the sum of $300.00, payable 30 days from November 20, 1922, and no suit or action was ever taken by the holder of the said note at its maturity, nor has any action been taken by the defendants on said note, or pawn, in order to determine their rights in the premises, except by way of answer and prayer in these proceedings.

"To hold that Christina, or the defendants, are innocent third parties, and, as such, entitled to recover under the evidence in this case, would be opening the door to gigantic frauds, unheard of, which the court cannot and will not lend ear to or countenance."

The transaction between the plaintiff and Pat Murphy was consummated in the State of Mississippi, and, therefore, whether it constituted a sale or not, must be determined by the laws of that state.  Mr. Dabney, an attorney in good standing in Mississippi, testified that where one gives a worthless check in Mississippi, in payment for an automobile, there is no sale, and the case cited by him sustains his statement of the law.

In the case of Overland-Texarakna Company vs. Bickley, 152 La. 622, 94 So. 138, the Supreme Court of this state held that, where a person bought an automobile in Arkansas by a conditional sale which, under the laws of Arkansas, did not vest title in the purchaser, that the purchaser could not convey title to the automobile by a sale in Louisiana, because he had no title when he brought the automobile into Louisiana.

This case was followed by this Honorable Court in the case of Hinton Company vs. Rose, 4 La. App. 471, where the original transaction was consummated in Mis-

sissippi, and the automobile was subsequently pledged in Louisiana.  This court held that the title to the automobile not having vested in the purchaser under the laws of Mississippi, the pledgee in New Orleans had no lien or privilege on the car, for the same reasons as were given by the Supreme Court in the Overland-Bickley case..

Defendants seek to differentiate this case from the above on the ground that plaintiff had clothed Murphy with an indicium of ownership, namely, the receipt and that an innocent pledgee should recover the amount of his loan under the rule.

"Where one of two innocent persons must suffer by fraud of a third person, the loss should fall upon him by whose act or omission the wrongdoer has been enabled to commit the fraud."

To sustain their contention defendants cite in their brief two cases, Saloy vs. Bank, 39 La. Ann. 30; and Brewing Co. vs. Ice Co., 128 La. 779, 55 So. 369.  These cases are not in point.  First refers to negotiable bonds, which are always an exception and the second case tends to support plaintiff's contention.

Plainly this rule does not apply if the two innocent persons have been guilty of acts or omissions equally careless.

In Frantz & Co. vs. Fink, 125 La. 1013, 52 So. 131, where plaintiff had placed in the hands of one Moss, certain jewelry with the right to sell it and retain for them a fixed amount, and Moss fraudulently pledged the jewelry to Keil for five hundred ($500.00) dollars, and later Fink had redeemed the pledged goods from Keil and claimed them as owner, the Supreme Court held that Fink must surrender the property to plaintiff because under all the circumstances he should have investigated

further, the court uses the following language:

"For him to be in a position to do so (i. e., to invoke equitable estoppel), it would be necessary that he should not only have been destitute of knowledge of the real facts, but should also have been without convenient or ready means of acquiring such knowledge." 16 Cyc. 739.

Here there were convenient and ready means by which defendants could have ascertain whether the holder of the stamped receipt was really the owner of an unencumbered car. In a short time they could have long distanced plaintiff in Vicksburg or they could have ascertained from Roddy the truth as to Murphy's standing.

Further, defendants' failure to foreclose on their pledge at the end of thirty days when note was not paid and their continuous use of the car since that time seem to show determination to get the value of their money out of the use of the car rather than any particular interest in its ownership.

On this point see also Frantz & Co. vs. Winehill, 124 La. 680, 50 So. 650. See also 23 R. C. L., p. 1386, Sec. 209:

"In opposition to rule announced in preceding paragraph the view is taken in a number of cases, *which in fact appear to be in a majority*, that as delivery is conditional on payment of price and no title passes until price is paid unless such payment is waived, a bona fide purchaser acquires no title, if original seller has been guilty of no delay in forcing his right to take possession."

Banks vs. Wisconsin Ry. Co., 44 Minn. 24, 46 N. W. 342:

"In such a case, if the check is dishonored, the vendor, if guilty of no fraud or laches, which create an equitable estoppel against him may retake the property even from an innocent subvendee for value. We are not called upon to decide what would have been the effect if any one had dealt with the wheat in reliance upon the acknowledgment of the elevator company in the receipted bill, that it had been paid for, for there is no evidence that such was the fact. But it is difficult to see how any negligence or laches can be ascribed to the act of a vendor giving his vendee a receipted bill of the goods upon receiving his check on his banker, which the vendor has every reason to suppose will be paid on presentation."

See Zuchtmann vs. Roberts, 109 Mass. 53.

Johnson vs. Iankovitz, 57 Ore. 24, 29 L. R. A. (N. S.) 109, the court says:

"Mechem on Sales, 554, states that, where the payment of the purchase price is expressly or impliedly a condition precedent to the passing of title, the delivery is deemed to be conditional, and, if payment is refused, the vendor may reclaim his goods either from the vendee or anyone claiming through him. To the same effect are 551, 552, 555 Id.; Benjamin, Sales, 320, 343, and note on page 299; Johnson-Brinkman Commission Co. vs. Central Bank; National Bank of Chicago, B. & N. R. Co.; Hirschorn vs. Canney; Armour vs. Pecker; and Evansville & T. H. R. Co. vs. Erwin, supra; Merrill Furniture Co. vs. Hill, 87 Me. 17, 32 Atl. 712; Dudley vs. Sawyer, 41 N. H. 326."

For above reasons the judgment is affirmed.