COUNTY OF KOSSUTH v. WALLACE ET AL.

1. **School-fund Mortgage**: ATTORNEY'S FEES: STATUTE CONSTRUED. Section 5, chapter 12, Laws of 1880, which amends section 1873 of the Code, and limits the amount of the attorney's fees to be allowed and taxed as part of the costs upon the foreclosure of school-fund mortgages to $25, *held* to apply to such mortgages executed prior to the enactment of the amendment—said amendment being considered as affecting the remedy only, and not as impairing the obligation of contracts.

*Appeal from Kossuth Circuit Court.*

FRIDAY, MARCH 23.

THE plaintiff commenced an action on the 8th day of May, 1880, to foreclose a school-fund mortgage, executed in

August, 1874. In June, 1880, judgment was rendered against the defendant for $463.29, and for an attorney's fee of $52. At the December Term, 1880, the defendant moved the court for a re-taxation of the attorney's fees, and the court thereupon reduced the attorney's fees to $25. The plaintiff appeals. The court certifies the question involved to be, whether a greater attorney's fee than $25 can be taxed against defendant in the foreclosure of a school-fund mortgage, which was executed August 25, 1874.

*Geo. E. Clarke* and *A. L. Hudson*, for appellant.

*J. H. Hawkins*, for appellee.

DAY, CH. J.—Section 1873 of the Code, which was in force at the time the mortgage in question was executed, provides that in suits to foreclose a school-fund mortgage "the court shall give the plaintiff, as a part of the costs, such an amount as will be a sufficient compensation for the plaintiff's attorney in the case."

By an act of the Eighteenth General Assembly, which took effect by publication on the 3d day of March, 1880, this section was amended by adding the following: " But in no case to exceed ten per cent on the amount for which judgment is rendered; and in no case to exceed the sum of twenty-five dollars." Chapter 12, Laws Eighteenth General Assembly, section 5. The appellant contends that this provision cannot apply to a school-fund mortgage executed prior to its passage, as it would, if allowed such application, impair the obligation of contracts. The change in the statute pertains to a mere question of costs, and prescribes a limit which the court shall not transcend in the assessment of costs. The change, we think, does not impair the obligation of the contract, but merely affects the remedy. Statutes may constitutionally be enacted changing the remedy existing when the contract was made, if they preserve the existing remedies in substance, and with integrity, and do not destroy or embarrass the remedies

existing when the contract was made, so as substantially to defeat the rights of the creditor. See *McCormick v. Rusch*, 15 Iowa, 127. We think it cannot be claimed that a law merely limiting the amount of costs recoverable so affects the remedy as substantially to defeat the rights of the creditor. In our opinion, a negative answer must be returned to the question certified for our determination.

AFFIRMED.