# FARMERS' AND MERCHANTS' INSURANCE COMPANY *v.* DOBNEY.

### ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 189.   Submitted March 9, 1903.—Decided April 6, 1903.

Where the allowance of an attorney's fee under the provisions of a state statute is the basis of the Federal right asserted, and it appears that one of the assignments of error relied upon before, and considered and expressly decided by, the highest court of the State was that the statute was unconstitutional and void and in conflict with the Fourteenth Amendment for the want of mutuality and deprived the plaintiff in error of the equal protection of the law, the motion to dismiss will be denied.

Sections 43, 44, 45 of chapter 48 of the laws of Nebraska of 1899, by which the court upon rendering judgment for a total loss sued for against an insurance company upon any policy of insurance against loss on real property by fire, tornado or lightning shall allow the plaintiff a reasonable attorney's fee to be taxed as costs is not repugnant to the equality clause of the Fourteenth Amendment either because it arbitrarily subjects insurance companies to a liability for such fees when other defendants in other cases are not subjected to such burden, or because the fee is to be

imposed on the insurance companies but not on the insured when the suit is successfully defended, or because the statute arbitrarily distinguishes between different classes of policies allowing the fee in certain cases and not in others.

THE case is stated in the opinion of the court.

*Mr. Halleck F. Rose* for plaintiff in error.

*Mr. M. P. Kinkaid* and *Mr. M. F. Harrington* for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

Having been adjudged to pay the amount of a fire policy written on the dwelling house of the defendant in error, which was totally destroyed by fire, the plaintiff in error prosecutes this writ. The judgment was for $861.40 with interest, costs, and $150 as a reasonable attorney's fee. This latter amount was fixed under authority conferred on the court by sections 43, 44 and 45 of chapter 43 of the Compiled Statutes of Nebraska, which are a reproduction of chapter 48 of the laws of Nebraska for 1899. The sections in question are reproduced in the margin.[1] The allowance of the attorney's fee is the basis of the Federal right asserted. It is moved to dismiss the writ on the ground that the Federal right was not specially set up

---

[1] Compiled Statutes of Nebraska, chapter 43.

SEC. 43. Whenever any policy of insurance shall be written to insure any real property in this State against loss by fire, tornado, or lightning, and the property insured shall be wholly destroyed, without criminal fault on the part of the insured or his assigns, the amount of the insurance written in such policy shall be taken conclusively to be the true value of the property insured, and the true amount of loss and measure of damages.

SEC. 44. This act shall apply to all policies of insurance hereafter made or written upon real property in this State, and also to the renewal, which shall hereafter be made, of all policies heretofore written in this State, and the contracts made by such policies and renewals shall be construed to be contracts made under the laws of this State.

SEC. 45. The court, upon rendering judgment against an insurance company upon any such policy of insurance shall allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as part of the costs.

below as required by Rev. Stat. 709, or was in any event alleged too late to enable the Supreme Court of Nebraska to consider it. Among the assignments of error contained in the petition in error filed before the hearing in the Supreme Court of Nebraska was the following:

"Section 45 of chapter 43 of the Compiled Statutes, under which the court assumed to allow and order an attorney fee to be taxed, is unconstitutional and void for want of mutuality of the provisions and for excluding defendant from the benefits and privileges thereby given to plaintiff, and for depriving defendant of the equal protection of the laws; in each of which particulars the said section is in conflict with section 1 of the Fourteenth Amendment to the Constitution of the United States, and in conflict with section 3 of article 1 and section 15 of article 3 of the constitution of Nebraska."

The case was considered by commissioners appointed pursuant to the Nebraska law to aid the Supreme Court of the State in the discharge of its duties. The commission in an elaborate opinion recommended the affirmance of the judgment. In such opinion the assignment of error concerning the attorney's fee, above quoted, was considered and numerous cases decided by the Supreme Court of Nebraska sustaining its allowance under the statute in question were referred to. It was said in the opinion that the legality of the attorney's fee "was not an open question in this State" because the right to allow the fee had been previously sustained by the Supreme Court of the State in many cases. A passage from the case of *Lancashire Insurance Company* v. *Bush*, 60 Nebraska, 116, expressly declaring that the statute concerning the allowance of the attorney's fee was consistent both with the Constitution of the United States and of the State of Nebraska, was approvingly cited, the passage in question being as follows:

"These decisions are vigorously attacked, but we are convinced, as the result of further investigation of the subject, that they are sound and should be adhered to. There is nothing in the Constitution of the United States, or of this State, which forbids classification of subjects for the purpose of legislation."

The Supreme Court of Nebraska, for the reasons stated in

the report of the commission, affirmed the judgment. 62 Nebraska, 213. It results that not only was the Federal question relied upon specially called to the attention of the Supreme Court of the State of Nebraska, but it was by that court expressly decided. The grounds upon which the motion to dismiss is predicated are, therefore, without merit, and it is overruled.

All the grounds relied upon to demonstrate that the statute allowing a reasonable attorney's fee in case of the unsuccessful defence of a suit to enforce certain insurance policies is repugnant to the equality clause of the Fourteenth Amendment, are embraced in the following propositions : First, because it arbitrarily subjects insurance companies to a liability for attorney's fees when other defendants in other classes of cases are not subjected to such burden ; second, because whilst the obligation to pay attorney's fee is imposed on insurance companies in the cases embraced by the statute, no such burden rests on the plaintiff in favor of the insurance companies where the suit on a policy is successfully defended ; and, third, because the statute arbitrarily distinguishes between insurance policies by allowing an attorney's fee in case of a suit on a policy covering real estate, where the property has been totally destroyed, and excluding the right to such fees in suits to enforce policies on other classes of property or where there has not been a total destruction of the property covered by the insurance. Each and all of these propositions must rest on the assumption that contracts of insurance, generically considered, do not possess such distinctive attributes as to justify their classification separate from other contracts, and that contracts of insurance as between themselves may not be classified separately depending upon the nature of the insurance, the character of the property covered, and the extent of the loss which may have supervened. But the unsoundness of these propositions is settled by the previous adjudications of this court. *Orient Insurance Company* v. *Daggs,* 172 U. S. 557; *Insurance Company* v. *Warren,* 181 U. S. 73; *Insurance Company* v. *Mettler,* 185 U. S. 308. In the *Orient* case, a statute of the State of Missouri, which subjected fire insurance contracts to an exceptional rule, was up-

held, not only on the ground of the right of the State to prescribe the conditions upon which an insurance company should transact business within its borders, but also because the rule in question was the lawful exercise of the power to classify. In the *Warren* case a like principle was applied to a statute of the State of Ohio establishing a particular regulation as to life insurance companies. In the *Mettler* case a statute of the State of Texas was sustained, applicable alone to life insurance policies, which authorized the enforcement, not only of a reasonable attorney's fee, but also of twelve per cent damages after demand in case of the unsuccessful defence of a suit to enforce a life insurance policy. In all three of the cases referred to, therefore, it was necessarily held that insurance contracts were so distinct as to justify legislative classification apart from other contracts or to authorize a classification of insurance contracts so as to subject one character of such contracts when put in one class to one rule and other varieties of such contracts when placed in another class to a different rule. The only claimed distinction between the cases previously decided and the present one is that in this case the classification is made to depend, not alone upon the general character of the contract, but upon the kind of property insured and the extent of the loss. This it is elaborately argued takes this case out of the rule established by the previous cases and causes the statute to be repugnant to the Fourteenth Amendment. But as the rule settled by the previous cases is that contracts of insurance from their very nature are susceptible of classification, not only apart from other contracts, but from each other, it must follow, as the lesser is included in the greater, that the character of the property insured and the extent of the loss afford reasons for subclassification.

It is, however, argued that no reason could have existed for classifying losses on real estate separately from losses on other property. And by what process of reasoning, it is asked, could the legislative mind have discovered the foundation for allowing the recovery of a reasonable attorney's fee in case of a total loss of real estate insured and not permit recovery of such fee when the property insured has been only partially destroyed?

The distinction between real and personal property has in all
systems of law constantly given rise to different regulations
concerning such property.   The differences of relation which
may arise between the insurer and the insured, depending upon
whether the property insured has been only partially damaged
or has been totally destroyed, needs but to be suggested.   In
the one case, the amount of the damage affords possibilities for
a reasonable difference of opinion between the parties in adjust-
ing the payment under the policy.   In the other, the amount
being determined under the statute by the value fixed by both
parties in the policy, the question of legal liability under the
policy would be, as a general rule, the only matter to be con-
sidered in determining whether payment under the contract
will be made.   Besides, it is obvious that the total destruction
of real estate covered by insurance necessarily concerns the
homes of many of the people of the State.   If in regulating
and classifying insurance contracts the legislature took the
foregoing considerations into view and provided for them, we
cannot say that in doing so it acted arbitrarily and wholly
without reason.

*Affirmed.*

MR. JUSTICE HARLAN, MR. JUSTICE BREWER and MR. JUSTICE
BROWN dissented.