(52 South. 1032.)

No. 18,223.

MONTELEONE v. SEABOARD FIRE & MARINE INS. CO.

In re SEABOARD FIRE & MARINE INS. CO.

(June 20, 1910. Rehearing Denied June 30, 1910.)

*(Syllabus by the Court.)*

1. COURTS (§ 224*)—APPELLATE JURISDICTION —SUPREME COURT—REVIEW OF COURT OF APPEAL—DISCRETION.

The Supreme Court has the power and authority, when a case is brought before it for review under article 101 of the Constitution, to deal with it as if on appeal and pass on all issues involved in the litigation whether of law or fact; but whether it should do so is a matter of discretion with it.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 224.*]

2. CONSTITUTIONAL LAW (§ 240*)—CLASS LEGISLATION—DISCRIMINATION AGAINST INSURANCE COMPANIES—IMPOSING DAMAGES AND ATTORNEY'S FEES.

Act No. 168 of 1908 is not unconstitutional. It does not arbitrarily discriminate against insurance corporations and hamper their right to seek adequate remedy through the courts, nor require the latter by a fixed legislative ironclad rule to impose upon insurance companies which have defended themselves against claims based on policies issued by them and been cast in the action to pay, in addition to the sum found due by them on the policies, 12 per cent. damages and attorney's fees.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 688–699; Dec. Dig. § 240.*]

3. CONSTITUTIONAL LAW (§§ 154, 169*)—OBLIGATION OF CONTRACT—REMEDIES—RIGHT OF PARTIES TO REGULATE.

Act No. 168 of 1908 is not unconstitutional as impairing the obligations of contracts. It deals with remedies, and not contract obligations. The furnishing of preliminary proofs of loss and the rules governing the same are remedial. Parties are freer to make contracts than they are to regulate and control remedies. When parties undertake to fix the remedies by which their rights and obligations are to be enforced, they do so subject to the paramount right of the state on the subject and its determination as to the policy which the general good requires to be done. It is not competent for parties by stipulation to bind the hands of the state.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 474; Dec. Dig. §§ 154, 169.*]

4. CONSTITUTIONAL LAW (§ 70*)—RIGHT OF LEGISLATURE TO CLASSIFY BUSINESS OCCUPATIONS.

The constitutional right of the General Assembly in respect to the classification of business occupations has been repeatedly passed upon judicially. The exercise of the discretion of the legislative department on that subject cannot be interfered with by the courts so long as it is kept within the limit of constitutional legislative discretion.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 129–137; Dec. Dig. § 70.*]

5. INSURANCE (§ 534*)—PAYMENT OF LOSSES —STATUTORY PROVISIONS.

The provisions of Act No. 168 of 1908 are not confined to policies which issued subsequently to the passage of that act.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 534.*]

6. INSURANCE (§ 558*) — PROOFS OF LOSS — WAIVER.

The defendant company, having failed to furnish the plaintiff with blank proofs of loss on being notified of the loss as required by section 1 of the act, must be held to have waived the furnishing by plaintiffs of such preliminary proof of loss. The rights and obligations of the parties to this litigation are governed and controlled by the act in question and by the decision of this court in the matter of Wholesale Mercantile Company v. Teutonia Insurance Company, 113 La. 1053, 37 South. 967.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1387; Dec. Dig. § 558.*]

Action by Gustave Monteleone against the Seaboard Fire & Marine Insurance Company.

A judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for certiorari or writ of review to the Court of Appeal. Affirmed.

Edgar H. Farrar, Jr., for applicant. Benjamin R. Forman and Anthony J. Rossi, for respondent.

NICHOLLS, J. The judgment of the Court of Appeal brought up for review discloses clearly and concisely the issues which are submitted to us in this case for decision. It was as follows:

"Plaintiff sues to recover a total loss by fire on October 12, 1908, of household effects covered by policy of insurance for $1,000 issued by defendant on April 14, 1908, and prays for judgment for the face of the policy, together with the attorney's fees and damages authorized to be recovered by Act 168 of 1908.

"The answer, after setting up a failure to submit proof of loss, denies liability on the ground that the loss was caused by explosion which preceded the fire, and that the building containing the property fell previous to the fire, in consequence of which insurance ceased under the express terms of the policy.

"There is conflict of evidence as to whether proofs of loss were furnished. It appears, however, that defendants tendered plaintiff for signature a nonwaiver agreement, which the latter refused to sign, whereupon defendant satisfied him it would have nothing more to do with the loss or the adjustment.

"This unauthorized and unwarranted withdrawal by the insurer was equivalent to a denial of liability and waived the requirement of the policy with respect to the necessity of furnishing proofs of loss. St. Landry Wholesale Mercantile Co. v. Teutonia Insurance Co., 37 South. 967, 113 La. 1053.

"It is unnecessary to inquire whether the explosion did or did not precede the fire. It is sufficient to say that the only result of the explosion was the throwing from their bearings of a few doors and windows, and that the uncontradicted testimony of plaintiff is to the effect that the damage suffered was due exclusively to the fire. This is sufficient to show that the explosion had nothing to do with the loss.

"The value of the property destroyed is undisputed and exceeds the amount of insurance, and upon the facts of the case the plaintiff is entitled to judgment for the full amount of the policy and to the other claims, unless the legal defense interposed is well founded.

"This defense is that the provisions of Act No. 168 of 1908, allowing attorney's fees and 12 per cent. damages to be recovered by the plaintiff from any insurer failing to reasonably settle any just loss, are not retroactive so as to apply to policies issued prior to the enactment, and, even if intended to be so, they are void as impairing this obligation of the contract.

"No other feature of the act is attacked and no other ground of unconstitutionality is suggested. The only questions to be considered therefore are: (1) Is the statute constitutional? (2) Is it retroactive in its operation?

"The right of the Legislature to enact statutes of this character may not be disputed. If they are remedial and effect the enforcement only and not the substance of the contract, they constitute a valid exercise of the legislative authority and are a declaration of the public policy of the state.

"They may change the remedy or mode of enforcement of the contract or the penalties attending the breach of a contract already in existence without impairing its obligation unless such remedy or penalty forms part of the contract itself.

"To carry out their purposes, such statutes must be liberally construed and may properly be retroactive in their operation. American Fire Ins. Co. v. Landfare, 56 Neb. 482, 76 N. W. 1072; Farmers' & Merchants' Insurance Company v. Dobney, 189 U. S. 301, 23 Sup. Ct. 565, 47 L. Ed. 821.

"Sutherland on Statutory Damages, vol. 2, pp. 643, 1073; Cooley's Constitutional Limitation (7th Ed.) p. 410; American Fire Ins. Co. v. Landfare, 56 Neb. 482, 76 N. W. 1072.

"Passing now to the jurisprudence of our own state, we find that it is broader than that of other jurisdictions in respect to the interpretation to be placed on remedial laws.

"In Scott v. Duke, 3 La. Ann. 253, the Supreme Court said:

" 'The distinction between laws impairing obligations and laws modifying the remedy given by the Legislature to enforce the obligation was fully recognized by Judge Marshall in the case of Sturges v. Crowninshield, 4 Wheat. 200 [4 L. Ed. 529]. * * * Laws regulating the form of judicial proceedings are remedial laws, and that form depends upon the law in force at the time the proceedings are instituted without regard to the law at the time of the occurrence or the facts upon which they are based. It may even vary, and it does actually vary, if, before the final decision, a new law intervenes which changes the form, unless that law expressly declares that the pre-existing form shall continue to be followed in the case then pending.'

"In Cassard v. Tracy, 52 La. Ann. 856 [27 South. 368, 49 L. R. A. 272], after citing that and many other cases, Blanchard, J., said:

" 'The rule that the terms of a statute or Constitution are not to be interpreted as having a retrospective or retroactive operation, unless the language used plainly conveys that intention and is susceptible of no other interpretation, finds no application to remedial statutes or to the remedial provisions of organic laws. Remedial laws are an exception to the general

rule and may have retroactive or retrospective force.'

"Let us now examine the act in the light of the foregoing cases.

"Section 1 makes it the duty of the fire insurance company to furnish blank proofs of loss to the assured 'whenever any loss or damage shall be suffered in this state from fire.'

"Section 2 declares that the failure to furnish blanks will be considered as a waiver of proofs of loss. 'In case of loss,' the damage by fire is provided in the preceding section.

"Section 4 provides that 'insurance companies shall deliver to the insured with each policy issued a copy of this act.'

"We need not inquire whether or not those sections of the enactment are retrospective. They are not involved in this controversy, which rests conclusively on the provisions of section 3, which alone contains the provisions herein objected to.

"Conceding arguendo that some of them are intended to be prospective only in their operation, we see no reason why a law may not be properly prospective in some respects, and retrospective in others. Section 3 of this act, so far as pertinent, reads as follows:

"'That whenever any loss or damage shall be suffered in this state from fire by any person, firm or corporation upon property insured under a policy of insurance of any fire insurance company doing business in this state, it shall be the duty of the fire insurance company that has issued the policy or policies upon receipt of proofs of loss from the assured, to pay the amount due under its policy or policies within sixty days thereafter. * * *

"'And should the company fail to pay within said time, the amount due the insured under the policy after demand made therefor, such company shall be liable to pay the holder or holders of such policy in addition to the amount of the loss, twelve per cent. damages on the total amount of the loss * * * together with all reasonable attorney's fees for the prosecution and collection of such loss.'

"The text of this section refers to loss or damage which shall be suffered, and not to a policy which should be issued. It makes no distinction between losses occurring under policies already issued and those occurring under policies to be issued thereafter. Had the Legislature intended to restrict the operation of the remedy to losses arising under policies to be issued after the passage of the statute, it would have said so. Under the authorities cited, it is clear we must construe section 3 of Act No. 168 of 1908 as applying to policies issued before its enactment as well as those issued after it.

"Counsel for defendant admits that if the attorney's fees are exigible the liquidated damages also are.

"In this respect the judgment must be amended.

"The judgment is amended by adding thereto the amount of $120 as liquidated damages, and, as amended, the judgment is affirmed."

In support of an application for a rehearing, the defendant urged the following grounds:

That the demander on the part of the adjuster for the plaintiff to sign a nonwaiver agreement, under the circumstances of this fire, was neither unauthorized nor unwarranted and did not under the law waive the requirement of furnishing proofs of loss.

That the fact of the whole premises in this case being totally consumed by fire was a judicial admission made by appellant in the original answer; but it was contended that the fire was preceded and caused by an explosion which damaged the building and contents. Plaintiff on the stand testified that everything was burned up, but did not testify that the property was not damaged at all. These being the facts under the rule laid down in the case of German-American Ins. Co. v. Hyman, 42 Colo. 156, 16 L. R. A. (N. S.) 77, 94 Pac. 32, and cases there cited, the defendant was entitled to proof on the part of the plaintiff of the value of the property destroyed by fire in its then condition after the explosion. It was plaintiff's duty immediately to furnish this proof. Not having done so or attempted to do so the defendant is entitled to a judgment as in case of nonsuit. That act of 1908 impairs the obligation of the contract in a policy written before its passage. See Arkansas Mut. Fire Ins. Co. v. Woolverton, 82 Ark. 476, 102 S. W. 226.

That the doctrine in Cassard v. Tracy, 52 La. Ann. 856, 27 South. 368, 49 L. R. A. 272, does not go so far as to allow this court to take one section out of an act which may from the language of that section be capable of retroactive construction, and apply that section of the statute to a policy written before its passage, when that section is merely a section imposing penalties for noncompliance with the other three sections of the statute is such as to be incapable of retroactive interpretation.

This case has been brought up to this court for review under an order of one of the associate justices.

An impression prevails, when a case is brought us under article 101 of the Constitution, we will as a matter of course deal with it as if it were on appeal and pass upon all issues involved in the litigation whether of law or fact. That is a mistake. We have the power and authority to do this; but it is a matter of discretion with the court as to whether it is called on to examine into and dispose of the facts.

In the matter now before us, the facts have been passed upon in favor of the plaintiff by the judge of the district court and two of the judges of the Court of Appeal. Their conclusions are prima facie correct. We have examined the testimony in the record sufficiently to satisfy us that there is no necessity for us to go behind them. The plaintiff sues upon a policy of fire insurance issued on the 8th of April, 1908, by the defendant company, on furniture and fixtures for $1,000. The fire which destroyed the articles insured occurred in October, 1908. Act No. 168 of 1908 of the General Assembly of Louisiana, the effect of which is called in question herein, went into effect in July, 1908. It repealed all laws and parts of laws in conflict with its provisions.

The questions of law submitted are whether the defendant company has or has not waived the furnishing to it preliminarily of proof of loss, and whether or not the defendant has subjected itself, under the circumstances of this case, not only to pay to the plaintiff the full amount of the policy found due under it, but additionally to 12 per cent. damages and a reasonable amount for attorney's fees under the third section of the act.

Defendant urges that the provisions of Act No. 168 apply only to policies of insurance which issued subsequently to the going into effect of the act; that is, to policies which issued after July, 1908.

We see no good reason for this contention. Insurance companies which had issued policies prior to July and the holders of such policies were notified by that act as to what would be required from that date forward in respect to the policies in which they were respectively interested. The furnishing of preliminary proof and the rules governing the same are matters involving remedies, and not matters in which the contract rights and obligations of the parties are concerned. Remedies to be followed in respect to rights and obligations are controlled by the Legislature. Parties are much more free to make contracts than they are to regulate and control remedies. Solomon v. Diefenthal, 46 La. Ann. 904, 15 South. 183; Levicks, Barrett & Kuen v. Walker, 15 La. Ann. 245, 77 Am. Dec. 187.

When parties undertake to provide for the remedies by which their rights and obligations are to be enforced, they do so subject to the paramount rights of the state on that subject and its determination as to what policy the general good demands. It is not competent for parties by stipulation between themselves to do so in such manner as to bind the hands of the state. Appellant claims that the statute of 1908 arbitrarily singles out insurance companies and subjects them to penalties to which other litigants are not subjected acting under similar circumstances; that by constitutional provision the courts are open alike for every citizen; and that the right to adequate remedy cannot be hampered by Legislatures attaching restrictions upon it through arbitrary classification.

There resides in every state not only the right but the duty of protecting citizens from unjust and harassing litigation. The General Assembly is presumed to be in touch with its citizens, and when it comes to the

knowledge of that body that any business of a particular character carries with it in the manner and way as conducted prejudicial to the general public, it has the power and authority to remedy the mischief and force the business to be carried on within what it deems, legitimate lines.

The exercise of this power is left to the discretion of the Legislature and cannot be interfered with by the courts, so long as it is kept within the limit of constitutional legislative discretion. The constitutional right of the General Assembly in respect to the classification of business occupations has been repeatedly adjudicated upon in the matter of the business of insurance corporations. Decisions of the court on this subject are very fully collated in the briefs attached to the transcript in this case.

Among them we may mention Lancashire Insurance Co. v. Bush, 60 Neb. 116, 82 N. W. 313; Farmers' Insurance Co. v. Dobney, 189 U. S. 301, 23 Sup. Ct. 565, 47 L. Ed. 821; Id., 62 Neb. 216, 86 N. W. 1070, 97 Am. St. Rep. 624; City v. Railroad Co., 35 La. Ann. 684–688; Oriental Insurance Co. v. Daggs, 172 U. S. 566, 19 Sup. Ct. 281, 43 L. Ed. 552; Insurance Co. v. Warren, 181 U. S. 73, 21 Sup. Ct. 535, 45 L. Ed. 755; Insurance Co. v. Mattler, 185 U. S. 308, 22 Sup. Ct. 662, 46 L. Ed. 922; Union Central Life Ins. Co. v. Chouniny, 86 Tex. 654, 26 S. W. 982, 24 L. R. A. 504; Supervisors of Onondaga v. Briggs, 3 Denio (N. Y.) 173; County of Kossuth v. Wallace, 60 Iowa, 508, 15 N. W. 305; Continental Ins. Co. v. Whitaker, 112 Tenn. 151, 79 S. W. 119, 64 L. R. A. 452, 105 Am. St. Rep. 916.

We are of the opinion that Act 168 of 1908 is constitutional; that it does not arbitrarily discriminate against insurance corporations and hamper their right to seek adequate remedy by resorting to the courts. We do not understand the statute to require courts through a fixed legislative ironclad rule (in all cases where insurance compa-nies defend suits brought against them on policies, but where final judgment is rendered in favor of the plaintiff) to add 12 per cent. damages and attorney's fees to the amount which should be found due by them under the policies. The statute subjects the defendants to a liability to such an addition being imposed in cases before them when it should have been made manifest that the right of defense had been abused just as under the law as it now stands. Appellants, taking frivolous appeals, subject themselves to a liability to damages.

So far as appellant advances, against the correctness of the judgment of the Court of Appeal, its overruling defendant's contention as to plaintiff's having failed to furnish with preliminary proof of loss, we think the conclusion of the Court of Appeal on that subject was correct.

The evidence discloses beyond dispute that the plaintiff on October 24, 1908, notified defendant company that a fire had occurred on the 15th of October, 1908, on the premises No. 600 North Claiborne street, and that the furniture in said premises covered by the policy sued on was totally destroyed; that the defendant company informed the plaintiff that the loss was in the hands of the adjuster, W. S. Campbell; that the matter was entirely in his charge and advised him to confer with him; that plaintiff's attorney had an interview with Mr. Campbell at which the latter insisted that he should sign a nonwaiver agreement, which he refused to do.

On the 19th of December Mr. Campbell wrote to the attorney that his refusal to allow his client to sign a nonwaiver agreement made it impossible for him to have any further discussion on his part, and that he could do nothing until his request had been acceded to.

It is not pretended that the defendant has ever furnished the plaintiff with blank proofs of loss, as required by the first section of

Act No. 168 of 1908, and the company must be held to have waived the furnishing by plaintiff of preliminary proofs of loss. This case is governed on that point by the first section of the act referred to and by the decision of this court in the case of St. Landry Wholesale Mercantile Co. v. Teutonia Insurance Co., 113 La. 1053, 37 South. 967.

The judgment of the Court of Appeal herein brought up for review is affirmed, with costs.