(54 South. 929.)

No. 18,299.

MONTELEONE v. NATIONAL UNION FIRE INS. CO.

(Oct. 17, 1910. On the Merits, April 10, 1911.)

(Syllabus by the Court.)

1. APPEAL AND ERROR (§ 797*)—DISMISSAL—TIME FOR MAKING MOTION.

A motion to dismiss an appeal from a judgment rendered by a judge of the civil district court, on the ground that the order of appeal, purporting to have been granted by another judge (acting in the place of the one by whom the judgment was rendered) in open court, was not actually granted in open court, comes too late when filed more than three days after the filing of the transcript (even admitting, arguendo merely, that such motion would be entertained in this court at any time, a point which is not decided).

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 797.*]

2. APPEAL AND ERROR (§ 781*)—DISMISSAL—ACQUIESCENCE IN JUDGMENT.

Where, in a suit on a policy of fire insurance, the defendant company is condemned to pay the amount called for by the policy, with interest and costs, and is also condemned to pay liquidated damages and attorney's fees, as provided by Act No. 168 of 1908, and, having appealed from the judgment, it thereafter pays the principal amount awarded, with interest and costs, and enters into a stipulation with the plaintiff to the effect that its liability for the damages and attorney's fees shall be determined by the ruling to be made by the Supreme Court of the United States in a case arising out of the same fire, which has been taken to that tribunal on a question of the constitutionality of said statute, such payment cannot be regarded as an acquiescence in the judgment appealed from, quoad said damages and attorney's fees, and plaintiff is not entitled to a dismissal of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3122; Dec. Dig. § 781.*]

On the Merits.

3. IDENTITY OF ISSUES.

Same issues involved as in Monteleone v. Seaboard Fire & Marine Insurance Co., 126 La. 807, 52 South. 1032, pending on writ of error in the Supreme Court of the United States.

Provosty, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by Peter Monteleone against the National Union Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed, subject to stipulation.

E. H. Farrar, Jr., for appellant. Benjamin R. Forman and Anthony J. Rossi, for appellee.

On Motion to Dismiss Appeal.

MONROE, J. Plaintiff obtained a judgment against defendant (on a policy of fire insurance), which was signed by Hon. T. C.

W. Ellis, judge of division A of the civil district court, on April 10, 1910. On May 6th following, Judge Ellis being sick and absent from the city, plaintiff's counsel presented a motion for an appeal to Hon. W. B. Sommerville, who affixed his initials to it as "Judge of the Civil District Court, Parish of Orleans, Division D, Acting for Hon. T. C. W. Ellis, Judge of Division A, now Absent on Leave," and the motion and order of appeal were thereupon entered on the minutes of division A, after which the appeal was duly lodged in this court on May 17, 1910. Some four months later (on September 26th), plaintiff, through his counsel, filed a motion in this court to dismiss the appeal:

"Because there is no order of appeal, granted in open court, at the same term at which the judgment was rendered, as appeared by the testimony of Mr. E. H. Farrar, Jr., attorney for defendant and appellant, taken on a rule to dismiss this appeal before Judge Ellis, and which he has neglected to pass on. A carbon copy of such testimony will be annexed and made part of this motion. Because, on 3d of August, 1910, the defendant acquiesced in said judgment in greater part by paying to Mr. Anthony J. Rossi, one of the attorneys for plaintiff, the principal of said judgment and 5 per cent. per annum interest thereon from judicial demand and the costs in the district court, amounting to $3,569.30, as appears by the affidavit of Mr. Rossi, annexed and made part of this motion."

[1] 1. In support of the ground first stated, the appellee relies upon testimony to which he refers, but did not annex to his motion (and which is said to have been taken in the district court, upon the hearing of a similar motion, filed in that court, and apparently submitted, but not decided), as showing, not that there was no order of appeal, but that, when Judge Sommerville, acting for Judge Ellis, granted the order, he was not in the courtroom occupied by division A, and hence that division A was not open. The motion to dismiss, as respects this ground, having been filed more than four months after the appeal was lodged in this court, comes too late, even conceding that it could properly have been entertained here (a point

on which we consider it unnecessary to express an opinion). Webb et al. v. Keller et al., 39 La. Ann. 60, 1 South. 423; Saxon v. S. W. Brick & Tile Mfg. Co., 113 La. 638, 37 South. 540; Barton v. Burbank, 119 La. 227, 43 South. 1014.

[2, 3] 2. As to the second ground relied on, it appears that defendant was condemned to pay, not only the amount called for by the policy sued on ($3,300), with legal interest from judicial demand, but was also condemned, under Act No. 168 of 1908, to pay 12 per cent. on said amount as damages and $300 as attorney's fees. It also appears that, in the suit of Gustave Monteleone v. Seaboard Fire & Marine Ins. Co. a similar judgment had been rendered; that in that case, as in this, the statute above mentioned was attacked, as in contravention of the Constitution of the United States, and, the judgment of the district court having been affirmed by this court (Monteleone v. Seaboard, etc., Ins. Co., 126 La. 807, 52 South. 1032), the matter was taken by writ of error to the Supreme Court of the United States, where it is now pending. In view of the situation thus stated, the parties to this suit, through their attorneys, entered into an agreement, a typewritten copy of which is attached to the record herein, and which reads as follows:

"All questions of fact arising in this case were decided by the Supreme Court of Louisiana in the case of Gustave Monteleone v. Seaboard Fire & Marine Ins. Co., No. 18,223, and as a writ of error in that case has been taken to the Supreme Court of the United States, for the purpose of testing the constitutionality of Act No. 186 [168] of 1908, and as defendant has paid to the plaintiff the full amount of the policy and interest and all costs in the civil district court in this case, it is hereby stipulated and agreed by counsel that the question of the liquidated damages and attorney's fees sued for in this case shall be determined by the result of the prosecution of the writ of error in the Supreme Court of the United States, and both plaintiff and defendant agree to be bound in this case by the decision of the Supreme Court of the United States in the case of Gus-

tave Monteleone v. Seaboard Fire & Marine Ins. Co.

"[Signed]        Anthony J. Rossi,
            "Atty. for Plaintiff.
"E. H. Farrar, Jr.,
           "Atty. for Defendant.
"The above stipulation is agreed to by the National Surety Co.
"[Signed]    National Surety Co.,
        "Frank A. Daniels,
        "Res. Vice President.
"A. C. McKnight,
        "Res. Asst. Secretary."

Whilst, therefore, it is true that defendant has acquiesced in the judgment appealed from to the extent of paying the principal amount awarded, with interest, and the costs of the lower court, it is not true that it has acquiesced in that judgment, in so far as it awards damages and attorney's fees; the effect of the above-recited stipulation being, upon the contrary, to make its liability, in that respect, dependent upon the decision to be rendered by the Supreme Court of the United States in the case of Gustave Monteleone v. Seaboard Fire & Marine Ins. Co.

The motion to dismiss the appeal is therefore denied.

PROVOSTY, J., dissents.

### On the Merits.

LAND, J. This case involves the same issues of law and fact as that of Gustave Monteleone v. Seaboard Fire & Marine Insurance Company, decided by this court on June 20, 1910. See 126 La. 807, 52 South. 1032. That case was carried to the Supreme Court of the United States on writ of error, on the question of liquidated damages and attorney fees, and the parties to the present suit have agreed and stipulated that the same question in this case shall be determined by the result of the prosecution of said writ or error, and to be bound in this case by the decision of the Supreme Court of the United States in the suit aforesaid.

It is therefore ordered that the judgment appealed from be affirmed, subject to the stipulation recited in the opinion of this court on the motion to dismiss the appeal.