## 5145.

### (Court of Appeal, Parish of Orleans.)

### MRS. E. BABBINGTON vs. FITZPATRICK & CO.

1. A motion to dismiss an appeal, based not on the ground of irregularity and informality in the taking or bringing up of it, but on the want of a legal right to appeal, need not be filed within three days after the appeal has been lodged in the appellate Court.

2. Act 45 of 1910 has taken the place of Art. 1131, C. P., as amended by Act. 129 of 1888 and, under its terms, there is no obligation imposed to give the party cast notice of refusal of a motion for a new trial.

Appeal from the First City Court, Division "C."

Dinkelspiel, Hart & Davey, for plaintiff and appellant.

K. V. Richard, for defendant and appellee.

DUFOUR, J.—On June 6th, 1910, judgment was rendered in the City Court; notice of judgment was served on June 9th, and, on the same day, a motion for a new trial was filed and refused in the absence of the parties.

No notice of the judgment refusing a new trial was served on the party cast.

On August 4th 1910, an appeal was taken to this Court; the record was lodged here on August 9th, and, in March 1911, a motion was made to dismiss the appeal on the ground that it had been applied for long after the judgment had become final.

Appellant urges that the appeal came too late, having been made more than three days after the appeal was lodged in this court.

We think that the motion was timely, for the reason that it was not based on any informality or irregularity

— 62 —

in the taking or the bringing up of the appeal, but on the want of the legal right to appeal.

**23 An., 38; 29 An., 435.**

The issue practically is; must notification of the judgment refusing a new trial be given, if the judgment be rendered in the absence of the parties?

In Meyer Company vs. Vasquez recently decided by the Supreme Court, it was held that Act 45 of 1910 has taken the place of Art. 1131 C. P., as amended by Art 129 of 1888.

The Act of 1910, in force at the time this appeal was taken, provides that the delay for appealing begins to run from the date of **rendition** of the judgment and imposes no obligation to give notice of refusal of a motion for a new trial.

In the present case, notice of judgment was duly served on the party cast, and it is therefore immaterial to enquire whether he was represented by counsel at the trial.

The appeal was taken more than ten days after rendition of the judgment and it is therefore not timely.

Appeal dismissed.

November 6th, 1911.

## ON REHEARING.

The appellant prays for a rehearing on two grounds:

1st. That the decision of the Supreme Court which we followed in this case was erroneous.

2nd. That, even if the Act of 1910 governs City Courts it cannot affect this case "for the reason that it was not in existence when the judgment refusing the application for a new trial in this cause was rendered, and, as under the law as it then stood, notice of this judgment was

necessary and as the delays for an appeal began to run only after that notice, the plaintiff could not have been deprived of her substantial right to that notice by the passage of the law."

In regard to the first ground, it is sufficient to say that the ruling of the Supreme Court must be observed until it is reversed by that Court itself.

As to the second objection, we may say that Act No. 10 was in force at the time the appeal was taken and that, as it effected the remedy only, it was properly applicable herein.

Cassard vs. Tracy, 52 An., 852; Monteleone vs. Ins. Co., 126 La., 807.

Rehearing refused.

December 4th, 1911.

January 15th, 1912, Decree Supreme Court, writ denied.