(Court of Appeal, Parish of Orleans.)

## GOODWIN C. MOORE vs. HIBERNIA INSURANCE COMPANY.

A petition which alleges that an obligation was released and the debtor discharged through error of fact, and without consideration, states grounds sufficient to hold that such obligation is still in force.

Appeal from the Civil District Court, Division "C."

Hall & Monroe, Lamkin & Millsaps, for plaintiff and appellee.

McCloskey & Benedict, for defendant and appellant.

ST. PAUL, J.—On January 2nd, 1908 the defendant company issued to plaintiff its policy of fire insurance covering two distinct items of property situated in different buildings.

On May 21st of the same year a loss occurred in one of the insured items and after adjustment plaintiff was paid in full the amount of the insurance on said items, say $125.00.

He thereupon, towit: on June 2nd, 1908, signed an instrument prepared by the adjuster of the defendant company, by which he acknowledged the receipt of said sum "in full payment and compromise settlement" of all claims growing out of said fire of May 21st, and declared further that "in consideration of said payment, said policy is hereby cancelled and surrendered."

On November 2nd, 1908, within the original terms of said policy, a fire occurred by which a loss was sustained on the other item of said policy; and plaintiff now

seeks to recover the amount of his loss, being the full amount of the insurance on said item, say $400.00.

For cause of action, plaintiff alleges that the instrument of June 2nd, 1908, by which he agreed to the surrender and cancellation of the policy, was signed by him through error, "under a misapprehension of what it contained" and in ignorance of the fact "that the contract for the two lots of property, in the two distinct and separate buildings, were embraced in the same policy."

He further avers that he received no consideration whatsoever for the cancellation and surrender of said policy in so far as it concerned the property not affected by the fire of May 21st, 1908; for the reason that the amount received by him after said fire was no more than the amount then due to him under the policy as fixed by appraisers and agreed to by defendant's adjuster; that the amount so paid to him was not given in compromise, but in payment; and he received no return premium or consideration whatsoever.

The defendant excepted that this petition shows no cause of action, but we think it does.

Whatever might possibly be said of these allegations of error and want of consideration taken separately, it is different when they are taken together. It seems to us that a petition which alleges that an obligation was released and the debtor discharged through error of fact **and** without consideration, certainly states grounds sufficient to hold that such obligation is still in force.

As to the facts of this case, the District Judge found with the plaintiff, and our own appreciation of the evidence leads us to the same conclusion.

We are satisfied that at no time was there any difference between plaintiff and defendant, growing out of the first fire, which required, or could form the basis of, any

compromise whatsoever; that the item now sued upon was never at any time the subject of discussion whilst the loss under the other item was being adjusted; and that plaintiff signed the release to defendant without knowledge or appreciation of the fact that he was surrendering a policy, or cancelling insurance, which covered property other than that which had been destroyed by the fire.

But although the plaintiff is entitled to recover the amount of his loss, he is entitled to no penalties.

These penalties, if due at all, would be due under the provisions of Act 168 of 1908. But it will be observed that although the loss herein sued for occurred on November 2nd, 1908, that is to say after the law was in force; yet the policy sued upon was issued before the passage of the law, that is to say on January 2nd, 1908.

And the Supreme Court of the State in a case just decided, to-wit, **Central Glass Co. vs. Niagara Fire Insurance Co.** (No. 18761, January 2nd, 1912), now holds that the provisions of that statute are not retroactive and do not apply to policies issued before the law went into effect; thus overruling, on that point **Monteleone vs. Insurance Co., 126 La., 807.**

The judgment appealed from is therefore correct.

Judgment affirmed.

January 9th, 1912.

Rehearing refused; February 5th, 1912.

March 12, 1912, Decree Supreme Court, writ denied.