———o———

No. 5879.

## CENTRAL GLASS COMPANY, LIMITED vs. HAMBURG-BREMEN INSURANCE COMPANY.

Appeal from the Civil District Court, Division "B," No. 88,271, Hon. F. D. King, Judge.

Messrs. Lazarus, Michel & Lazarus, for plaintiff and appellant.

Messrs. Clegg, Quintero, Gidiere & Luzenberg, for defendant and appellee.

Note by reporter:—On June 9th, 1913, the above matter was certified to the Supreme Court, as follows:

To the Honorable the Chief Justice and Associate Justices of the Supreme Court of Louisiana:

Pursuant to Article 101 of the Constitution, we desire to certify to your Honors questions of law arising in this case for your Honors' instructions as to the proper decision to be made.

## Statement.

On June 20th, 1910, the Supreme Court of Louisiana, in the case of **Monteleone vs. Seabord Fire & Marine Inusrance Company, 126 La., 807**, speaking through Mr. Justice Nicholls, said:

> "There resides in every State not only the right but the duty of protecting citizens from unjust and harassing litigation. The General Assembly is presumed to be in touch with its citizens, and when it comes to the knowledge of that body that any business of a particular character carries with it in the manner and way as conducted prejudicial to the general public, it has the power and authority to remedy the mischief and force the business to be carried on within what it deems, legitimate lines." * * *

> "We are of the opinion that Act 168 of 1908 is constitutional; that it does not arbitrarily discriminate against insurance corporations and hamper their right to seek adequate remedy by resorting to the Courts. We do not understand the statute to require Courts through fixed legislative ironclad rule (in all cases where insurance companies defend suits brought against them on policies, but where final judgment is rendered in favor of the plaintiff) to add 12 per cent damages and attorneys' fees to the amount which should be found due by them under the policies. The statute subjects the defendants to a liability to such an addition being imposed in cases before them when it should have been made manifest that the right of defense had been abused just as under the law as it now stands."

In the case of the **Central Glass Company, Ltd., vs. Niagara Fire Ins. Co., 131 La.** (not yet reported), but found at 59 So. Rep., 972, decided October 21st, 1912, the Supreme Court of Louisiana, speaking through Mr. Justice Provosty, said:

"All these points were passed on by this Court in the case of **Monteleone vs. Insurance Co., 126 La., 807.** The Court held that the act did apply to antecedent contracts, and did not impair their obligation, as the changes made by it were merely in the remedy for the enforcement of the contract, and not in the contract itself, and that the allowance of attorney's fees was discretionary. Upon further consideration, we have concluded that the act does impair the obligation of the contract; and, as this point disposes of the case, we spare ourselves the trouble of considering the others."

The Supreme Court thus overruled the Monteleone decision and held that Act 168 of 1908, if applied to pre-existing policies, would impair the obligation of the contract.

The appeal now before us is from a judgment refusing to grant the penalties imposed by Act 168 of 1908, and it is rested on the suggestion that the Supreme Court of the United States has recently decided in the case of the **Supreme Ruling of the Fraternal Mystic Circle vs. Snyder, Vol. 227, No. 4, U. S. Supreme Court Rep., p. 497,** that the character of the legislation covered by Act 168 of 1908, does not impair the obligation of a contract.

The pertinent language of the Supreme Court of the United States in the case referred to, is as follows:

"What then, is the effect of the statute with respect to pre-existing contracts? It is at once apparent that it does not purport to affect the obligation of the contract in any way. It does not attempt to change or to render nugatory any of the terms or

conditions of the policy of insurance, or to relieve the insured from compliance with any stipulation it contained. It does not seek to give a right of action where none would otherwise exist or to deprive the company of any defense it might have. If the company is not liable according to its contract, it is not required to pay. Nor does the statute permit a recovery of expenses or added damages as a mere consequence of success in the suit. The question whether the State may so provide as to prior contracts is not before us, and we express no opinion upon it.

"The statute is aimed not at the rights secured by the contract but at dishonest methods employed to defeat them. The additional liability is attached to bad faith alone. This is the necessary effect of the proviso. It is only when it is 'made to appear to the Court or jury trying the case that the refusal to pay said loss was not in good faith' that the added recovery may be had. It must also appear that such refusal inflicted 'additional expense, loss or injury' upon the policy holder, and it is this further expense, loss or injury that measures the amount to be allowed, which is not to exceed twenty-five per cent of the liability on the policy.

"It cannot be said that this effort to give indemnity for the injuries which would be sustained through perverse methods and through an abuse of the privileges accorded to honest litigants imposed a burden upon the enforcement of the contract. Neither the contract, nor the existing law which entered into it, contemplated contests promoted in bad faith or justified the infliction of loss by such means. The State was entitled at all times to take proper measures to prevent the perversion of its legal machinery, and there was no denial or burdening, in any proper sense, of the existing remedies applicable to the contract by the demand that they be availed of bona fide.

"But we are asked to look behind the language of the statute and assume that its effect is to impose the

additional liability in the absence of bad faith. That is, we are to take the statute as including what it expressly includes—as allowing what it explicity denies. The act does not make the mere refusal to pay sufficient evidence of bad faith so as to justify the added recovery; it requires that the bad faith be shown and that the consequent additional loss be shown. And the State Court so construed the statute in the application that was made of it in the present case.

"The trial Court adjudged that the refusal of the company to pay the amount of the policy was not in good faith, and the amount allowed was determined to be a reasonable compensation for the resulting damage. The evidence before the Court—save a small portion of it—is not in the record. The fact must be taken to be as found. The statute, judged by its provisions as they have been construed and applied, cannot be regarded as an impairment of the obligation of the contract."

Our attention is also called not only to the similarity between the Tennessee and Louisiana statutes but to the analogy of the reasoning in the respective opinions of Mr. Justice Hughes and Mr. Justice Nicholls, in both of which the statute is regarded as enforceable in cases of bad faith only.

We do not deem it proper to disregard the views of the Supreme Court of Louisiana because of a suggested conflict with a subsequently rendered opinion of the Supreme Court of the United States, and prefer to have the former tribunal direct us with opinion to follow:

We annex copies of the briefs filed by both parties.

We therefore submit for answer the following questions:

1. Does the language of Mr. Justice Nicholls in the Monteleone case, to the effect that the imposition of a penalty is not arbitrary but discretionary with the Court,

bring the Louisiana statute within the purview of the opinion of the Snyder case?

2.    Does the decision in the Snyder case modify that in the Niagara case ,or does the rule announced in the Niagara case remain unaffected, that penalties are not recoverable under the Act of 1908 on policies issued before the loss became operative.

**Horace L. Dufour,**

Presiding Judge, Court of Appeal.

**Emile Godchaux,**

Judge of the Court of Appeal.

. Certified, June 11th, 1913.

Additional note by reporter:—(The Supreme Court answered the above questions on June 30th, 1913. A rehearing was refused by the Supreme Court on October 20th, 1913, and the Supreme 'Court sent its answers to the Court of Appeal on October 21st, 1913. The Court of Appeal has rendered no opinion in this matter since the receipt of the Supreme Court's answers to its questions. The reporter has, therefore, taken the liberty of reporting the syllabus prepared by the Supreme Court when it answered the above questions. This syllabus is taken from the case of **Central Glass Company, Limited, vs. Hamburg-Bremen Fire Insurance Co., 133 La., 598.)**

**Syllabus.**

In **Central Glass Co. v. Niagara Ins. Co., 131 La., 513,** the Court held that Act 168 of 1908 did not apply to fire insurance policies issued before the law became operative, and, if so applied, would impair the obligation of the contract by changing its stipulations. Nothing to the contrary was decided by the U. S. Supreme Court in the case of **Fraternal Mystic Circle vs. Snyder, 227 U. S., 497, 33 Sup. Ct., 292, 57 L. Ed., 611,** under a statute penalyzing bad faith and

dishonest methods on the part of the insurance company to defeat the rights of the insured as secured by the contract of insurance.