ROBERT WANBERG, Respondent, v. NATIONAL UNION FIRE INSURANCE COMPANY, a Foreign Insurance Corporation, Appellant.

(179 N. W. 666.)

**Insurance — statute making application for hail insurance promptly effective applies where insurer takes additional risks.**

1. Section 4902, Comp. Laws 1913, which provides that every insurance company engaged in the business of insuring against loss by hail shall be bound and the insurance take effect from and after twenty-four hours from the day and hour of application, unless it shall notify the applicant by telegram of the rejection of his application, applies to an insurance company taking an application for hail insurance along with additional risks.

**Constitutional law — insurance — law requiring hail insurers to act promptly on applications held valid.**

2. Section 4902, Comp. Laws 1913, the substance of which is above stated, imposes a duty upon insurance companies doing a hail insurance business of acting promptly upon such applications. It is within the police power of the state, and does not deprive insurance companies of liberty of contract or property without due process of law.

**Insurance — statute making hail insurance promptly effective not waived by conflicting provisions in application.**

3. Where a statute in substance provides the form of an application for hail insurance with respect to the time when insurance shall be made effective, the benefit of the statute is not waived by an unauthorized, conflicting provision contained in the application.

Opinion filed October 16, 1920.

Appeal from the District Court of Williams County, *Fisk*, J. Affirmed.

*Barnett & Richardson*, for appellant.

"No person shall . . . be deprived of life, liberty, or property without due process of law." N. D. Const. § 13, art. 1.

Corporations are "persons" within the meaning of this paragraph of this amendment. Home Ins. Co. v. New York, 134 U. S. 594, 606; Pembina, etc. Co. v. Pennsylvania, 125 U. S. 181; Mpls. etc. R. v.

NOTE.—For authorities discussing the question of risks covered by hail insurance policy, see notes in 4 A.L.R. 1299, and 7 A.L.R. 373.

46 N. D.—24.

Beckwith, 129 U. S. 28; Chicago, R. v. Arkansas, 86 Ark. 412, 111 S. W. 456; Allgeyer & Co. v. Louisiana, 165 U. S. 578, 589.

"Included in the right of personal liberty and the right of private property—partaking of the nature of each—is the right to make con-' tracts for the acquisition of property." Heiman v. Ins. Co. 17 Minn. 153, 10 Am. Rep. 154; Lowe v. Ins. Co. 80 Neb. 499, 114 N. W. 586; Ins. Co. v. Rudolph, 45 Tex. 454; More v. Ins. Co. 130 N. Y. 537, 20 N. E. 757; Ins. Co. v. Babcock, 104 Ga. 67, 42 L.R.A. 88.

*Wm. G. Owens,* for plaintiff.

The regulation provided by § 4902 is a reasonable regulation. Boyer v. State Farmers' Mut. Hail Ins. Co. 86 Kan. 442, 121 Pac. 329, 40 L.R.A.(N.S.) 164 and note; Freund, Pol. Power, 150, 151, 158.

Even in the absence of statute, it has been held that the retention of the premium and the failure to reject within a reasonable time implied an acceptance. Robinson v. United States Benev. Soc. 132 Mich. 695, 162 Am. St. Rep. 436, 94 N. W. 211 (cited in note in 36 L.R.A.(N.S.) 1212).

There can be no waiver of statutory provisions where the waiver, if permitted, would violate public policy. 13 C. J. 423, § 355, and cases cited in note 10, p. 424; Greenhood, Pub. Pol. p. 496.

BIRDZELL, J. This is an action in which the plaintiff seeks to recover insurance covering a hail loss. On July 12, 1917, at 10 o'clock in the morning the plaintiff gave to one Everson, a local agent for the defendant, an application for insurance on his crops in the sum of $1,400, paying a premium therefor of $140. The application, so far as material to this case, reads as follows:

"I, Robert Wanberg of Tioga P. O. County of Williams, State of No. Dak., hereby make application for insurance to take effect from the day this application is received and accepted, as evidenced by the issuance of a policy thereon, at the Waseca, Minnesota, Agency for said Company, and to end on the 15th day of September, 1917, upon growing crops against loss, damage or failure from hail or any other cause except fire, floods, winter kill or failure on my part to properly prepare the ground for seeding and properly seed, care for, harvest, protect, and thresh said crop during the crop season of 1917 to the amount of $1,400. . . ."

On July 13, 1917, Everson mailed the application and the premium remittance to the defendant at Waseca, Minnesota. It was received in the Waseca postoffice on Sunday, July 15th, and delivered Monday, July 16th. On the preceding Saturday, July 14th, shortly after 6 o'clock in the evening, the damage from hail for which recovery is sought occurred. On July 17th the defendant's agent at Waseca mailed the application and premium remittance to Everson, stating that applications for crop insurance would not be accepted at that late date. There is no evidence that the Waseca agency at that time knew that the plaintiff had already incurred loss. When the application and premium were tendered back to the plaintiff, the tender was refused and this action brought. The case was tried to the court without a jury and resulted in a judgment for $1,405.85 and costs. Motion for a judgment *non obstante* or for a new trial was denied, and the defendant appealed from the judgment and order.

The case turns upon § 4902, Comp. Laws 1913. That section reads:

"Every insurance company engaged in the business of insuring against loss by hail in this state shall be bound, and the insurance shall take effect from and after twenty-four hours from the day and hour the application for such insurance has been taken by the authorized local agent of said company, and if the company shall decline to write the insurance upon receipt of the application, it shall forthwith notify the applicant and agent who took the application, by telegram, and, in that event, the insurance shall not become effective. Provided, that nothing in this article shall prevent the company from issuing a policy on such application and putting the insurance in force prior to the expiration of said twenty-four hours."

It is first claimed that as this statute imposes a liability outside of that which may be covered by an insurance policy or by a contract, it should be strictly construed, and when strictly construed it will be found to have no application to a proposal for insurance other than for a straight hail insurance policy. Since the application in question covers loss from all causes other than a few excepted ones, it is claimed that the statute does not apply. We are of the opinion that there is no merit in this contention as applied to the facts in this case, for the reason that the application was one for hail insurance as well as other insurance, and the loss was occasioned through hail. To adopt the con-

struction contended for by the appellant would readily lead to defeating the policy of the statute, which could be done by merely linking another insurance risk with hail insurance. The statute is clearly intended to cover all applications for hail insurance, and this is such an application.

It is next argued that the statute violates the provisions of article 1, § 13 of the state Constitution and the 14th Amendment to the Federal Constitution, in that it works a deprivation of liberty of contract and property without due process of law. It is said that the statute operates to transform a mere proposal or offer into a completed contract obligation without affording to one of the parties thereto the option of acceptance or rejection. It is recognized that there is a class of obligations which are implied in law without regard to the assent of the party bound, but it is contended that the obligation imposed here is not properly included within such class. This contention must be examined in the light of the policy evidenced by the statute.

The business of insurance is subject to legislative regulation in the interest of the public. The regulations prescribed by different legislative bodies indicate the broad scope of legislation designed to protect the public. Standard forms of policies are prescribed, investments regulated, deposits required, rates of premiums fixed (German Alliance Ins. Co. v. Lewis, 233 U. S. 389, 58 L. ed. 1011, L.R.A.1915C, 1189, 34 Sup. Ct. Rep. 612) ; liability established for the amount of the policy regardless of the value of the property at the time of destruction (Orient Ins. Co. v. Daggs, 172 U. S. 557, 43 L. ed. 552, 19 Sup. Ct. Rep. 281) ; defenses such as suicide are cut off though expressly stipulated for in the policy (Whitfield v. Ætna L. Ins. Co. 205 U. S. 489, 51 L. ed. 895, 27 Sup. Ct. Rep. 578). Upon similar principles we are of the opinion that the legislature can recognize other practices in connection with the insurance business which tend to operate prejudicially to the class of patrons and prescribe regulations for their protection. The statute in question recognizes the practical necessity for a prompt decision upon hail insurance applications. It is generally known that the premium covers the risk for the season, and that the practice of writing hail insurance differs somewhat in this respect from other forms of insurance, where either an annual premium or a term rate is collected covering a risk for a definite period. An applicant for hail insurance is prone to rely upon his application being accepted until

notified to the contrary, and he will not ordinarily seek other insurance in the interim. Under the practice which, but for the statute, could not be said to be unreasonable, the applicant for hail insurance would be uncertain as to whether or not his application was accepted, not only during the period of transmission, but during the period required to notify him of the nonacceptance through agents selected by the company. It needs no argument to demonstrate that the employment of the usual means for completing the negotiations looking toward the issuance of a policy of insurance would frequently, in the absence of the statutory regulation, result in the disappointment of the applicant, and would deprive him of the benefit of the insurance at a time when it is most needed, and during which he would have reasonable grounds for believing that his risk was covered. Such would be his assurance, at any rate, that he would ordinarily refrain from applying elsewhere.

In recognition of the necessity for the prompt consummation of the business of hail insurance, the legislature has set a limit of twenty-four hours for the rejection of an application within which time the risk is not insured. In view of the peculiarities attaching to this form of insurance, we cannot say that this period is unreasonable. It would seem that foreign insurance companies, as well as domestic companies, could so arrange their methods of transacting business in the state as to enable them to pass definitely upon the desirability of any given risk within twenty-four hours after the date of the application, notifying the applicant and the agent in case of rejection as required. The statute imposes this duty, and we think it within the province of the legislature to so provide. The measure of liability for a breach of the duty imposed is fixed. It holds the company liable for the insurance applied for. This liability, in our judgment, is sustainable upon the same principle that liability in other directions is sustained for breaches of various duties that may properly be imposed by the legislature. Thus, carriers may be required to fence their rights of way, to keep them clear of combustible material, provide spark arresters for their locomotives, and to install safety devices. Telegraph companies may be required to transmit messages in a certain order of priority and with promptness. See 33 Cyc. 677; Atchison, T. & S. F. R. Co. v. Matthews, 174 U. S. 96, 43 L. ed. 909, 19 Sup. Ct. Rep. 609. Insurance companies may be required to make prompt settlement for losses. Fidelity Mut. Life

Asso. v. Metler, 185 U. S. 309, 46 L. ed. 922, 22 Sup. Ct. Rep. 662; Farmers' & M. Ins. Co. v. Dobney, 189 U. S. 301, 47 L. ed. 821, 23 Sup. Ct. Rep. 565. And for the failure to perform the duties imposed, penalties may be provided in the shape of attorneys' fees or added damages, recoverable by the party affected. See cases, supra.

The statute under consideration here is not as rigorous as some that were sustained in the foregoing cases, in that a recovery is more nearly commensurate with the loss attributable to a breach of the duty.

It is contended, however, that the applicant waived the benefit of the statute by signing an application in which it was expressly agreed that the insurance should take effect from the date the application was received and accepted at the Waseca, Minnesota, agency of the company. The general principle that an individual may waive the provisions of a statute intended for his benefit is invoked. We are of the opinion, however, that the principle is not applicable in the instant case. The statute, as we view it, was designed to impose the duty of prompt action upon all companies transacting hail insurance business in this state. To permit an extension of the time for rejection to be effected through language contained in the application would result in relieving the companies of the duty which is specifically enjoined upon them, and thus defeat the policy of the statute. As hereinbefore indicated the statute is a police regulation of hail insurance business prescribed by the competent legislative authority. We should and do hesitate to read into the law implications which would make the effectiveness of such regulation dependent upon private contract. Had it been desired to leave the matter to the contract of the parties, no such statute would have been enacted, or, if enacted, it would doubtless have been qualified by some such expression as the following:

"Unless otherwise provided in the application, every insurance company engaged in the business of insurance against loss by hail in this state shall be bound and the insurance shall take effect from and after twenty-four hours after the day and hour of application," etc.

Section 4902, Comp. Laws 1913, in our opinion, to the extent of its provisions, controls the form of an application for hail insurance, just as other sections control standard policy forms, and any departure from the prescribed forms involving less favorable terms to the applicant or policy holder is an infringement of the statute, and is void.

No other constitutional question is raised.

The judgment and order appealed from are affirmed.

CHRISTIANSON, Ch. J., and GRACE and BRONSON, JJ., concur.

ROBINSON, J. (dissenting). This is an appeal from a judgment of $1,500 against defendant on a mere application for hail and other insurance. On July 12, 1917, at Tioga, North Dakota, the plaintiff gave to Gus W. Iverson, a local agent of the defendant, an application for hail and other insurance. It reads, in part:

"I, Robert Wanberg, of Tioga, county of Williams, N. D., hereby make application for insurance to take effect from the day this application is received and accepted, as evidenced by the issuing of a policy thereon at Waseca, Minnesota Agency of the Company."

The application was duly made to defendant at Waseca, Minnesota. Before the application could possibly arrive at Waseca, the crop was destroyed by hail. Without knowledge of the loss, the company promptly rejected and returned the application with a deposit check sent as premium. Do those facts constitute a cause of action? The plaintiff relies on a statute which reads thus: "Every insurance company engaged in the business of insurance against loss by hail in this state shall be bound, and the insurance shall take effect from and after twenty-four hours from the day and hour the application for such insurance has been taken by the authorized local agent of the company." The title of the act is "An Act Fixing the Time When Policies of Hail Insurance Shall Take Effect." The title refers to "The Time When Policies of Hail Insurance Shall Take Effect," and not to a time when an application for insurance shall ripen into a policy. Hence, under § 61 of the constitution, the act is void because the title does not express the subject of the act; but aside from this defect in the title, the act should not be so construed so as to deny parties the right to make reasonable contracts or to turn into a contract a mere application for a contract. Here the plaintiff made and sent a written application for insurance "to take effect from the day the application is received and accepted," and not for a policy to become effective within twenty-four hours after the date of the application.

If the statute be so construed as to deny the validity of such a con-

tract, and to impose on defendant a contractual obligation to pay $1,500 when it made no such contract, then the statute does impair the obligation of contracts, and it deprives the defendant of its property without due process of law. It is in no way competent for the lawmakers to say that a mere application for a contract shall itself constitute a contract. But the statute goes still farther; it makes the contract. It declares that within twenty-four hours after an application for insurance is received by a local agent the application shall become a policy of insurance, even though not received by the company. It does not give the company a reasonable time to receive or reject the application, even if it were to have a general office in every city of the state. Surely that is contrary to every principle of law.